(No. 92922.—

RUDOLPH LUCIEN, Appellee, v. KENNETH R. BRILEY, Warden, Appellant.

*Opinion filed December 2, 2004.—Rehearing denied*
*January 24, 2005.*

Lisa Madigan, Attorney General, of Springfield (Gary Feinerman, Solicitor General, and Linda D. Woloshin and Jay Paul Hoffmann, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Steven A. Block, of Butler, Rubin, Saltarelli & Boyd, L.L.P., and James A. Cherney and Gregory A. Sager, of Latham & Watkins, L.L.P., all of Chicago, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

Plaintiff, Rudolph Lucien, sought an order of *habeas corpus*, naming Kenneth R. Briley, warden of the Stateville Correctional Facility, as defendant. See 735 ILCS 5/10—101 *et seq.* (West 2000). Plaintiff alleged his extended-term sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and he was therefore entitled to immediate release because he had served the maximum nonextended term to which he could have been sentenced. The circuit court of Will County held the statute authorizing Lucien's extended-term sentence unconstitutional under *Apprendi* and issued the *habeas corpus* order. Defendant appealed directly to this court pursuant to Rule 302(a) (134 Ill. 2d R. 302(a)).

## BACKGROUND

In 1980, plaintiff was sentenced to concurrent extended terms of 60 years each for armed robbery and armed violence. On direct appeal, plaintiff's arguments included a challenge to the extended-term sentences, on the ground that the sentencing judge did not find any of the aggravating factors listed in the statute. The appellate court rejected that argument, reasoning that the sentencing judge was not required to recite the facts relied upon, and that imposing the extended term was not an abuse of discretion because the record supported an extended term under the factor that " 'the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.' " *People v. Lucien*, 109 Ill. App. 3d 412, 419-20 (1982), quoting Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(2), now codified as 730 ILCS 5/5—5—3.2(b)(2) (West 2002). The appellate court noted the record showed plaintiff had repeatedly threatened the female victim's life with a knife and severely beat her even though she told him she was pregnant. *Lucien*, 109 Ill. App. 3d at 420.

In 2001, plaintiff sought a *habeas corpus* order, arguing his extended-term sentences were invalid under *Apprendi*. See 735 ILCS 5/10—101 *et seq.* (West 2000). The circuit court denied defendant's motion to dismiss, but certified for interlocutory appeal the question whether an *Apprendi* claim is cognizable in a *habeas corpus* proceeding. 155 Ill. 2d R. 308. The appellate court declined to review the question. The circuit court found that the statute authorizing the extended-term sentence was unconstitutional under *Apprendi* and granted *habeas corpus* relief. The court denied defendant's motion for a stay of enforcement of the order pending appeal, as did this court. Accordingly, the Department of Corrections discharged plaintiff on December 18, 2001. This appeal followed.

## ANALYSIS

We must decide whether the circuit court erred by applying *Apprendi* retroactively to a case in which the direct appeal process had long been concluded. Whether *Apprendi* applies retroactively is a question of law, which we review *de novo*. See *Schmidt v. Ameritech Illinois*, 329 Ill. App. 3d 1020, 1027 (2002) (reviewing the circuit court's postjudgment application of an appellate court decision recognizing a new tort).

This court has adopted the test announced by the United States Supreme Court in *Teague v. Lane* to determine the retroactivity of new constitutional rules. *People v. De La Paz*, 204 Ill. 2d 426, 433-34 (2003), citing *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989) (plurality op.). Applying *Teague*, we held in *De La Paz* that *Apprendi* does not apply retroactively because it is a procedural rule, and it is not among " 'those procedures that are implicit in the concept of ordered liberty.' " *De La Paz*, 204 Ill. 2d at 434, quoting *People v. Flowers*, 138 Ill. 2d 218, 237 (1990), citing *Teague*, 489 U.S. at 307, 103 L. Ed. 2d at 353, 109 S. Ct.

at 1073 (plurality op.). In this case, plaintiff's direct appeal concluded in 1985, some 15 years before *Apprendi* was decided. Plaintiff argues on several grounds that *De La Paz* does not control. We address each argument in turn.

First, plaintiff argues *Apprendi* rendered the statute authorizing his extended-term sentence void *ab initio*. Plaintiff cites *People v. Gersch*, 135 Ill. 2d 384, 397-98 (1990), for the proposition that when a judicial decision renders a statute void *ab initio*, due process requires the decision must be applied retroactively.

A statute is void *ab initio* under a new constitutional rule, such as *Apprendi*, only if the new rule renders the statute facially unconstitutional. *People v. Jackson*, 199 Ill. 2d 286, 300 (2002). A statute is facially unconstitutional if there are no circumstances in which it could be validly applied. *People v. Thurow*, 203 Ill. 2d 352, 367 (2003). *Apprendi* held a criminal defendant has the right to insist that any fact, other than the fact of a prior conviction, that increases his punishment beyond the statutory maximum "must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2363. The statute under which plaintiff received his extended-term sentences allowed an *Apprendi* violation; it did not give plaintiff the right to insist on proof to a jury beyond a reasonable doubt. However, nothing in the statute prohibited compliance with *Apprendi*. In *Thurow* we said, with respect to another sentencing statute, that the finding that was the basis for the defendant's extended term

"could be made by a preponderance of the evidence. However, it also could be made based upon proof beyond a reasonable doubt. Under *Apprendi*, a finding, based on a preponderance of the evidence, that [the aggravating fact exists] could not form the basis for an enhanced sentence. *** However, there is no violation if this determination is made beyond a reasonable doubt. Because this latter,

constitutionally correct procedure is allowed by [the statute], it cannot be said that there is no set of circumstances under which the statute would be valid. [Citation.] [The statute] is not unconstitutional on its face. Accordingly, we reject defendant's contention that [it] is void *ab initio*." *Thurow*, 203 Ill. 2d at 368.

In other words, a statute that permits *Apprendi* violations, but also permits *Apprendi* compliance, is not facially unconstitutional and thus is not void *ab initio*. Indeed, the statute authorizing an extended term based on a judge's finding that the crime was committed in a brutal or heinous fashion has been applied in compliance with *Apprendi* and thus is not void *ab initio*. *Jackson*, 199 Ill. 2d at 300-01, citing *People v. Ford*, 198 Ill. 2d 68 (2001). It follows that the statute authorizing plaintiff's extended terms was not facially unconstitutional and hence not void *ab initio*.

Plaintiff responds by suggesting *Thurow* and all similarly reasoned cases have been overruled by *Blakely v. Washington*, 542 U.S. ___, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). He argues that, contrary to this court's reasoning in *Thurow*, *Blakely* struck down a sentencing statute because it did not mandate *Apprendi* compliance. We disagree.

*Blakely* involved the State of Washington's sentencing guidelines. The defendant pled guilty to second degree kidnapping involving domestic violence and the use of a firearm. In Washington, second degree kidnapping is a Class B felony and the maximum penalty for a Class B felony is 10 years' incarceration. However, under Washington's sentencing guidelines the conduct admitted as part of the guilty plea carries a maximum of only 53 months. The trial judge sentenced the defendant to 90 months, based on his finding the crime was committed with deliberate cruelty. The question presented was whether the maximum, for purposes of applying *Apprendi*, was 10 years, the maximum for a Class B felony,

or 53 months. See *Blakely*, 542 U.S. at ___, 159 L. Ed. 2d at 413, 124 S. Ct. at 2537. The Court held 53 months is the relevant maximum, because that is the maximum sentence the judge could have imposed without finding any facts beyond those admitted in the guilty plea. *Blakely*, 542 U.S. at ___, 159 L. Ed. 2d at 414, 124 S. Ct. at 2537-38. The Court concluded that, "[b]ecause the State's sentencing procedure did not comply with the Sixth Amendment, plaintiff's sentence is invalid." *Blakely*, 542 U.S. at ___, 159 L. Ed. 2d at 415, 124 S. Ct. at 2538. Contrary to plaintiff's suggestion, *Blakely* does not hold a statute's failure to require *Apprendi* compliance renders it facially invalid.

This court's opinion in *Gersch* does not aid plaintiff either. In *Gersch*, the State exercised a statutory right to insist on a jury trial. While direct appeal was pending, we held in another case that the Illinois Constitution grants the right to a jury trial exclusively to defendants. *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 222 (1988). Then in *Gersch* we applied *Joyce* "retroactively," because to do otherwise "would ignore the *ab initio* rule of statutory invalidation." *Gersch*, 135 Ill. 2d at 401. *Gersch*, however, is distinguishable from the case at bar because *Gersch* was a direct appeal. Moreover, there were no possible circumstances in which the statute at issue in *Gersch* could be validly applied. The statute gave the State the right to a jury trial in certain cases. According to *Joyce*, the Illinois Constitution gave that right exclusively to defendants. Thus, every application of the statute would violate *Joyce*. *Gersch*'s conclusion that the statute was void *ab initio* is consistent with the principle, from *Thurow* and *Jackson*, that only statutes lacking any possible valid application are facially invalid and void *ab initio*. We conclude plaintiff's claim that the statute authorizing his extended terms was void *ab initio* is without merit.

Second, plaintiff argues *De La Paz* is inapplicable to his case, because he raised the equivalent of an *Apprendi* claim on direct appeal. Plaintiff argued on direct appeal that his extended-term sentence was invalid because the sentencing judge failed to make the requisite finding that an aggravating factor was present. To claim the judge never found an aggravating factor is not equivalent to an *Apprendi* claim. The gravamen of an *Apprendi* claim is that an aggravating factor *was* found, but not by a jury beyond a reasonable doubt. We conclude plaintiff did not raise an *Apprendi* claim on direct appeal.

Furthermore, we fail to see how the claim that plaintiff argued on direct appeal could affect whether *De La Paz* applies to this case. *De La Paz* applied the test from *Teague* to conclude that *Apprendi* does not apply retroactively. *De La Paz*, 204 Ill. 2d at 439. Under *Teague*, retroactivity depends on whether failure to apply a new procedural rule would "undermine the fundamental fairness that must underlie a conviction or seriously diminish the likelihood of obtaining an accurate conviction." *Teague*, 489 U.S. at 315, 103 L. Ed. 2d at 359, 109 S. Ct. at 1078. *De La Paz* reasoned that *Apprendi* does not apply retroactively because an *Apprendi* violation does not necessarily render any particular trial unfair. *De La Paz*, 204 Ill. 2d at 438-39. Whether this particular plaintiff raised an *Apprendi* claim on appeal is fundamentally different from the question whether the absence of the procedures required by *Apprendi* necessarily amounts to unfairness or inaccuracy at trial or sentencing.

Third, plaintiff argues a statement in *Blakely* implies *Apprendi*'s holding is not a procedural rule. Therefore, plaintiff argues, *De La Paz* was incorrectly decided and should be overruled. *Blakely* states that the sixth amendment right to trial by jury, which *Apprendi* interprets, is "no mere procedural formality, but a fundamental reservation of power in our constitutional structure. Just

as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary." *Blakely*, 542 U.S. at ___, 159 L. Ed. 2d at 415, 124 S. Ct. at 2538-39. This is a general philosophical statement about the importance of juries as a check on the power of the judicial branch of government. It has nothing to do with the specific legal question whether *Apprendi* is procedural, as opposed to substantive, for purposes of retroactivity. Retroactivity was not at issue in *Blakely*.

In *Schriro v. Summerlin*, decided the same day as *Blakely*, retroactivity was at issue. *Schriro v. Summerlin*, 542 U.S. ___, 159 L. Ed. 2d 442, 124 S. Ct. 2519 (2004). *Summerlin* concerned whether *Ring v. Arizona*, 536 U.S. 584, 153 L. Ed. 2d 556, 122 S. Ct. 2428 (2002), applies retroactively. *Ring* had held that *Apprendi* did not permit a judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty. *Ring*, 536 U.S. at 609, 153 L. Ed. 2d at 576-77, 122 S. Ct. at 2443. *Summerlin* first held *Ring*'s jury requirement is not a substantive rule because it does not affect the range of conduct that may be punished by death; *Ring* only affects who decides whether such conduct occurred. *Summerlin*, 542 U.S. at ___, 159 L. Ed. 2d at 449, 124 S. Ct. at 2523. Secondly, *Summerlin* held *Ring* is not so essential to fairness and accuracy to require retroactive application. *Summerlin*, 542 U.S. at ___, 159 L. Ed. 2d at 451, 124 S. Ct. at 2525. Because *Ring* is simply an application of *Apprendi,* the conclusion that *Ring* is not retroactive applies to *Apprendi* as well. Thus, contrary to plaintiff's suggestion, *De La Paz* was correctly decided.

In sum, *De La Paz* controls this case. The circuit court's order granting *habeas corpus* relief was erroneous and must be reversed. Because of our disposition, we need not address defendant's alternative argument that

an *Apprendi* claim is not cognizable in a *habeas corpus* proceeding.

Because we reverse the order that released plaintiff, this case presents questions regarding the remainder of plaintiff's sentence. Plaintiff alleges that his conduct while at liberty establishes that he is rehabilitated. He notes the Illinois Constitution requires that criminal penalties take into account "the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. He argues this constitutional provision requires that he not be reincarcerated. He also suggests public policy forbids reincarcerating a rehabilitated person at further public expense. Plaintiff acknowledges the record is silent regarding his allegation that he is rehabilitated. He requests that we remand the cause to the circuit court with instructions to hold a hearing to determine whether he is rehabilitated.

The parties have addressed plaintiff's claim, but it is clear the record is insufficiently developed to resolve it, even if it has legal merit. We therefore choose not to address it, and we express no opinion about its merit. Instead, we remand this cause to the circuit court for further proceedings.

## CONCLUSION

The new procedural rule announced in *Apprendi* does not apply retroactively to cases in which the direct appeal process had concluded when *Apprendi* was decided. Therefore, the circuit court erred when it granted plaintiff *habeas corpus* relief, and its order is reversed and the cause is remanded to the circuit court for further proceedings.

*Reversed and remanded.*

JUSTICE KILBRIDE, dissenting:

For the reasons set forth in my dissent in *People v. De La Paz*, 204 Ill. 2d 426, 454-55 (2003) (Kilbride, J.,

dissenting), and my dissent in *People v. Lee*, 207 Ill. 2d 1, 6-7 (2003) (Kilbride, J., dissenting), I disagree with the majority's conclusion that the United States Supreme Court holding in *Apprendi* does not apply retroactively to cases where the direct appeal process had concluded when *Apprendi* was announced. 213 Ill. 2d at 349. I do not dispute defendant's underlying guilt of the offenses of armed robbery and armed violence. Rather, I simply disagree with the enhancement of defendant's sentence based on a sentencing factor that was not proved to the jury beyond a reasonable doubt. It is axiomatic that all essential elements of guilt must be submitted to the trier of fact, for proof beyond a reasonable doubt. See *De La Paz*, 204 Ill. 2d at 455 (Kilbride, J., dissenting), citing *In re Winship*, 397 U.S. 358, 361, 25 L. Ed. 2d 368, 373-74, 90 S. Ct. 1068, 1071 (1970) (the "beyond a reasonable doubt" standard is the accepted " 'measure of persuasion by which the prosecution must [prove] all the essential elements of guilt,' " quoting C. McCormick, Evidence § 321, at 681-82 (1954)). I continue to believe that the failure to comply with this basic tenet of constitutional law is an error so injurious to fundamental civil liberty that no sentence imposed in violation of *Apprendi* should be upheld. See *People v. Swift*, 202 Ill. 2d 378, 392 (2002) (an extended-term sentence based on the trial judge's factual finding that defendant's crime was brutal and heinous violated *Apprendi* and could not stand); *People v. Thurow*, 203 Ill. 2d 352, 375-78 (2003) (Kilbride, J., dissenting); *People v. Crespo*, 203 Ill. 2d 335, 349-51 (2001) (Kilbride, J., dissenting). Here, the circuit court of Will County appropriately recognized the applicability of *Apprendi*, and its ruling holding the statute authorizing Lucien's extended-term sentence unconstitutional should be upheld. Accordingly, I respectfully dissent.