# Illinois Official Reports

## Appellate Court

*People v. Campbell*, 2013 IL App (4th) 120635

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNATHAN CAMPBELL, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0635 |
| Filed | December 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's convictions for aggravated battery and aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code, his conviction for aggravated battery was affirmed in the absence of any challenge on appeal, his conviction for aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(1)(A) was reversed on the ground it was void based on the decision of the Illinois Supreme Court in *Aguilar* holding that the statute was unconstitutional on its face, the order requiring defendant to pay for his court-appointed counsel was vacated due to the trial court's failure to hold a hearing on defendant's ability to pay, and the cause was remanded for such a hearing; further, the cause was remanded with directions that the trial court enter a judgment of conviction under section 24-1.6(a)(1), (a)(3)(C) of the Code and impose a sentence therefor. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 10-CF-268; the Hon. Leo J. Zappa, Judge, presiding. |
| Judgment | Affirmed in part as modified, reversed in part, and vacated in part; cause remanded with directions. |

Counsel on    Michael J. Pelletier, Karen Munoz, and Janieen R. Tarrance, all of
Appeal        State Appellate Defender's Office, of Springfield, for appellant.

              John Milhiser, State's Attorney, of Springfield (Patrick Delfino,
              Robert J. Biderman, and David E. Mannchen, all of State's Attorneys
              Appellate Prosecutor's Office, of counsel), for the People.


Panel         JUSTICE STEIGMANN delivered the judgment of the court, with
              opinion.
              Justices Knecht and Turner concurred in the judgment and opinion.

**OPINION**


¶ 1    In April 2012, a jury found defendant, Johnathan Campbell, guilty of aggravated battery (720 ILCS 5/12-4(b) (West 2010)) and aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)). In August 2012, the trial court sentenced defendant to concurrent terms of five years in prison.

¶ 2    Defendant appeals, arguing that (1) his conviction for aggravated unlawful use of a weapon is void because the supreme court has declared the provision of the statute at issue in this case unconstitutional on its face, and (2) the trial court erred by ordering him to pay for the services of court-appointed counsel without first holding a hearing on his ability to pay. We affirm in part, reverse in part, vacate in part, and remand with directions.


¶ 3                              I. BACKGROUND

¶ 4    The facts are not in dispute. On April 27, 2010, defendant and another man attacked Zack Koehler outside of a Western Union in Springfield, Illinois, by hitting him over the head with handguns. Officer Michael Brown, who was on patrol in his police cruiser at the time, noticed the altercation. Defendant and the other man got into a vehicle, and Brown followed in pursuit. During a short chase that ended when defendant crashed into a light pole, Brown saw two handguns thrown out of the vehicle. After retrieving the handguns, investigators identified defendant's fingerprints on the magazine of one of the guns.

¶ 5    In May 2010, the State charged defendant with (1) attempt (armed robbery) (720 ILCS 5/8-4(a), 18-2 (West 2010)), (2) two counts of aggravated battery, and (3) two counts of aggravated unlawful use of a weapon.

¶ 6    In April 2012, a jury found defendant guilty of both counts of aggravated battery and both counts of aggravated unlawful use of a weapon but acquitted him of attempt (armed robbery). In August 2012, the trial court entered judgment against defendant on one count of

aggravated battery and one count of aggravated unlawful use of a weapon and sentenced defendant to concurrent terms of five years in prison for each count.

¶ 7     This appeal followed.

¶ 8                                           II. ANALYSIS
¶ 9                              A. Aggravated Unlawful Use of a Weapon
¶ 10    Defendant argues that his conviction for aggravated unlawful use of a weapon is void because the supreme court has declared the provision of the statute at issue in this case unconstitutional on its face. We agree.

¶ 11    The jury convicted defendant of aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code of 1961 (Code), which provides as follows:

> "(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
>
> (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; [and]
> ***
> (3) One of the following factors is present:
>
> (A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense[.]" 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010).

(We note that although the jury also found defendant guilty of aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(3)(C) of the Code (possession without a currently valid firearm owner's identification (FOID) card, the trial court did not enter judgment of conviction against defendant under that section. Instead, the court entered judgment of conviction under section 24-1.6(a)(1), (a)(3)(A) of the Code. See *People v. Lashmett*, 126 Ill. App. 3d 340, 345-46, 467 N.E.2d 356, 361 (1984) ("The judge, not the jury, renders judgment in a case. *** A conviction contemplates more than a mere finding of guilt.").

¶ 12    In the recent case of *People v. Aguilar*, 2013 IL 112116, ¶ 22, the supreme court held that, "on its face, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) [of the Code] violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution." Citing the United States Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020 (2010), as well as the Seventh Circuit Court of Appeals' decision in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), the supreme court held that "the second amendment protects the right to possess and use a firearm for self-defense outside the home." *Aguilar*, 2013 IL 112116, ¶ 21. Because section 24-1.6(a)(1), (a)(3)(A) of the Code "categorically prohibits the possession and use of an operable firearm for self-defense outside the home," the court concluded that it "amounts to a wholesale statutory ban on the exercise of a

personal right that is specifically named in and guaranteed by the United States Constitution, as construed by the United States Supreme Court." *Id.*

¶ 13 In this case, the State argues that because defendant is a convicted felon, his conviction under section 24-1.6(a)(1), (a)(3)(A) of the Code is constitutional. In support of its position, the State relies upon *Heller* and *McDonald*, in which the Supreme Court clarified that its holdings should not be taken to cast doubt upon the long-standing prohibitions of the possession of firearms by felons. See *Heller*, 554 U.S. at 626; *McDonald*, 561 U.S. at ___, 130 S. Ct. at 3047. The State asserts that, based upon these clarifications in *Heller* and *McDonald*, "[d]efendant's claim that [section 24-1.6(a)(1), (a)(3)(A) of the Code] was unconstitutional on its face should therefore be rejected."

¶ 14 The State seems to misunderstand the nature of the supreme court's decision in *Aguilar*. The court in *Aguilar* did not merely hold that section 24-1.6(a)(1), (a)(3)(A) of the Code was unconstitutional as applied in that case–the court held that the statute was unconstitutional *on its face. Aguilar*, 2013 IL 112116, ¶ 22. "A statute is facially unconstitutional if there are no circumstances in which it could be validly applied." *Lucien v. Briley*, 213 Ill. 2d 340, 344, 821 N.E.2d 1148, 1150 (2004). Because section 24-1.6(a)(1), (a)(3)(A) of the Code is unconstitutional on its face, neither defendant's status as a felon nor any other factor could render his conviction under that provision of the aggravated unlawful use of a weapon statute constitutional.

¶ 15 Further, by arguing that defendant's conviction was constitutional because he was a convicted felon, the State is attempting to meld together two separate criminal offenses. Section 24-1.1 of the Code, which the supreme court has not declared unconstitutional, generally prohibits felons from possessing firearms anywhere. 720 ILCS 5/24-1.1 (West 2010). The State did not charge defendant with violating section 24-1.1 of the Code. Instead, the State charged defendant with violating section 24-1.6(a)(1), (a)(3)(A) of the Code, which contains no specific provision pertaining to felons. Moreover, the jury in this case was not instructed to make a finding that defendant was a felon, nor did its verdict reflect such a finding.

¶ 16 Because defendant was convicted of violating a statute that the supreme court has declared unconstitutional on its face, his conviction for aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(3)(A) of the Code is void, and we reverse. We earlier noted that the jury also found defendant guilty of aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(3)(C) of the Code (possession without a currently valid FOID card) and that the trial court did not enter a judgment of conviction against defendant under that section. Given our reversal of his conviction for aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(3)(A) of the Code, we remand with directions that the trial court enter a judgment of conviction against defendant under section 24-1.6(a)(1), (a)(3)(C) of the Code and impose a sentence upon that conviction. See *People v. Dixon*, 91 Ill. 2d 346, 352-53, 438 N.E.2d 180, 184 (1982).

¶ 17                    B. The Trial Court's Imposition of Costs for
                                Court-Appointed Counsel

¶ 18        Defendant also argues that the trial court erred by ordering him to pay for the services of court-appointed counsel without first holding a hearing on his ability to pay. The State concedes that the court erred by ordering defendant to pay $4,300 for the services of court-appointed counsel without holding a hearing. We accept the State's concession.

¶ 19        Section 113-3.1(a) of the Code of Criminal Procedure of 1963 allows the trial court to order a defendant to pay a reasonable sum to compensate the county or State for the services of court-appointed counsel. 725 ILCS 5/113-3.1(a) (West 2010). Due process requires that before the court orders such payment, "the court must give the defendant notice that it is considering imposing the fee, and the defendant must be given the opportunity to present evidence regarding his or her ability to pay and any other relevant circumstances." *People v. Somers*, 2013 IL 114054, ¶ 14, 984 N.E.2d 471. "The hearing must focus on the costs of representation, the defendant's financial circumstances, and the foreseeable ability of the defendant to pay." *Id*. (citing *People v. Love*, 177 Ill. 2d 550, 563, 687 N.E.2d 32, 38 (1997)).

¶ 20        Because the trial court did not hold a hearing on defendant's ability to pay the costs of court-appointed counsel, we vacate the court's payment order and remand for a hearing.

¶ 21                              III. CONCLUSION

¶ 22        We affirm defendant's conviction for aggravated battery, which he did not challenge in this appeal. Because section 24-1.6(a)(1), (a)(3)(A) of the Code is unconstitutional on its face, defendant's conviction under that statute is void. Accordingly, we reverse defendant's conviction for aggravated unlawful use of a weapon. We remand with directions that the trial court enter a judgment of conviction against defendant under section 24-1.6(a)(1), (a)(3)(C) of the Code and then impose a sentence upon defendant for that conviction. We also vacate the trial court's payment order for court-appointed counsel and remand for a hearing on defendant's ability to pay.

¶ 23        Affirmed in part as modified, reversed in part, and vacated in part; cause remanded with directions.