# Illinois Official Reports

## Appellate Court

---

### *People v. Gayfield*, 2014 IL App (4th) 120216-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. J.W. GAYFIELD, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0216 |
| Rule 23 Order filed<br>Modified opinion<br>filed upon denial<br>of rehearing | March 5, 2014<br><br><br>July 8, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for the Class 2 form of aggravated unlawful use of a weapon under section 24-1.6(a)(1), (a)(3)(A), (d) was void pursuant to *Aguilar*, notwithstanding the fact that *Aguilar* "specifically limited" its holding to the Class 4 form of the offense, since both the Class 2 and Class 4 form of the offense require proof of the same elements. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 11-CF-1816; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Vacated. |

| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Kelly M. Weston, all of State Appellate Defender's Office, of Springfield, for appellant. |
|---|---|
| | Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Pope and Knecht concurred in the judgment and opinion. |

## OPINION

¶ 1 On January 11, 2012, a jury convicted defendant, J.W. Gayfield, of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2010)), a Class 2 offense based on a prior felony conviction. The trial court sentenced defendant to seven years in prison. Defendant appealed, arguing the prosecutor made improper remarks in his closing argument, thereby denying defendant a fair trial. On August 19, 2013, this court issued an order finding the prosecutor's closing argument was not improper and affirming the trial court's judgment. *People v. Gayfield*, 2013 IL App (4th) 120216-U.

¶ 2 On August 26, 2013, defendant filed a petition for rehearing pursuant to Illinois Supreme Court Rule 367 (Ill. S. Ct. R. 367 (eff. Dec. 29, 2009)). For the first time, defendant asked this court to consider whether his conviction should be reversed, asserting the AUUW statute was unconstitutional. On September 9, 2013, this court denied defendant's petition for rehearing.

¶ 3 On October 9, 2013, defendant filed a motion for supervisory order in the Illinois Supreme Court, which the supreme court granted on November 6, 2013. *People v. Gayfield*, Nos. 116726, 116728 (Ill. Nov. 6, 2013) (nonprecedential supervisory order directing *vacatur* of judgment and denial of petition for rehearing and reconsideration in light of *People v. Aguilar*, 2013 IL 112116, 2 N.E.3d 321, and denying leave to appeal as moot). As a result, the supreme court directed this court to vacate our judgment in *Gayfield*, and our order denying the petition for rehearing, and to reconsider our judgment in light of *Aguilar*, to determine whether a different result was warranted.

¶ 4 In accordance with the supreme court's direction, we vacated our prior judgment and our order denying the petition for rehearing, and reconsidered our prior judgment in light of *Aguilar*. We again affirmed, finding that *Aguilar* did not change the result in this case. *People v. Gayfield*, 2014 IL App (4th) 120216-UB, ¶ 5.

¶ 5 On March 25, 2014, defendant filed a petition for rehearing. We now modify our decision upon denial of defendant's petition for rehearing. For the reasons set forth below, we vacate defendant's Class 2 conviction for AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2010)).

## I. BACKGROUND

¶ 7    On November 3, 2011, the State charged defendant by information as an armed habitual criminal (720 ILCS 5/24-1.7(a)(1) (West 2010)) (count I). On January 4, 2012, the State charged defendant by information with AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2010)) (count II), a Class 2 offense based on a prior felony conviction. The State later dismissed count I.

¶ 8    At defendant's January 2012 jury trial, Officer Dieter Rene Wissel of the Rantoul police department testified that, on November 2, 2011, at approximately 2 a.m., he was "running license plates" on Route 136 in Rantoul. Wissel testified he had "cause for concern" upon checking the license plate on a gray Honda Accord that he observed traveling approximately five miles per hour over the posted speed limit. Wissel initiated a traffic stop and contacted a sergeant regarding "officer safety concerns." Wissel found defendant driving the vehicle and Walter Cunningham in the front passenger seat. According to Wissel, both defendant and Cunningham appeared "extremely nervous." Upon request, defendant provided identification and Cunningham stated his name. Wissel returned to his squad car and ran a law-enforcement-agencies data system (LEADS) inquiry on both names. Wissel remained in his squad car until Officer Kyle Gregg and Sergeant Richard Welch, both of the Rantoul police department, arrived at the scene.

¶ 9    Welch instructed Wissel and Gregg to secure the vehicle and check the occupants for weapons. Wissel performed a pat-down search of defendant, revealing a fully loaded semiautomatic pistol in his left chest pocket and 20 rounds of ammunition in a right front pants pocket. Welch testified that he saw Wissel remove the gun from "an inner pocket somewhere[;] I believe it was the jacket pocket or the shirt pocket."

¶ 10    Gregg testified that he was tasked with watching defendant's passenger on November 2, 2011. He assisted Wissel in placing handcuffs on defendant. Gregg observed the semiautomatic handgun after it had been removed from defendant and placed in the trunk of Wissel's squad car.

¶ 11    Cunningham testified on defendant's behalf. Defendant is his nephew. Cunningham did not see defendant with a gun that night and did not see a gun in the vehicle.

¶ 12    The jury found defendant guilty of AUUW. On January 24, 2012, defendant filed his posttrial motion arguing, in part, that the trial court erred "in overruling the Defendant's objection to the State's closing remarks." On February 29, 2012, the trial court denied defendant's posttrial motion and sentenced defendant to seven years in prison.

¶ 13    As stated, defendant appealed and this court affirmed. *Gayfield*, 2013 IL App (4th) 120216-U. On September 12, 2013, our supreme court determined section 24-1.6(a)(1), (a)(3)(A), (d) of the AUUW statute was unconstitutional on its face. *Aguilar*, 2013 IL 112116, ¶ 22, 2 N.E.3d 321. On November 6, 2013, the supreme court issued a supervisory order directing this court to vacate our judgment in *Gayfield*, and our order denying the petition for rehearing, and to reconsider our judgment in light of *Aguilar*. *People v. Gayfield*, No. 116726, 116728 (Ill. Nov. 6, 2013) (nonprecedential supervisory order on denial of leave to appeal). On December 19, 2013, our supreme court entered a modified opinion upon denial of the State's

petition for rehearing in *Aguilar*. *Aguilar*, 2013 IL 112116, 2 N.E.3d 321. In the modified opinion, the court noted:

> "In response to the State's petition for rehearing in this case, we reiterate and emphasize that our finding of unconstitutionality in this decision is specifically limited to the Class 4 form of AUUW, as set forth in section 24-1.6(a)(1), (a)(3)(A), (d) of the AUUW statute. We make no finding, express or implied, with respect to the constitutionality or unconstitutionality of any other section or subsection of the AUUW statute." *Aguilar*, 2013 IL 112116, ¶ 22 n.3, 2 N.E.3d 321.

¶ 14    Upon reconsidering our original judgment in light of the modified decision in *Aguilar*, as directed by the supreme court, we determined *Aguilar* was inapplicable to the instant case, stating "the supreme court in *Aguilar* specifically limited its modified opinion to the Class 4 form of AUUW," whereas in this case, defendant was convicted of the Class 2 form of the offense. *Gayfield*, 2014 IL App (4th) 120216-UB, ¶ 17.

¶ 15    On March 25, 2014, defendant filed a petition for rehearing, asserting "[i]n upholding [his] conviction, and thus the constitutionality[ ] of the 'Class 2 form' of aggravated unlawful use of a weapon, this [c]ourt impliedly [found] that felon status is an element and not a sentencing-enhancement factor. This holding is not dictated by *** *Aguilar* *** and is contrary to established Illinois Supreme Court law." For the reasons set forth below, we modify our decision upon denial of rehearing and vacate defendant's conviction.

¶ 16                                II. ANALYSIS
¶ 17                             A. AUUW Conviction
¶ 18    We first reconsider whether our supreme court's modified opinion in *Aguilar* renders his Class 2 conviction for AUUW void. In this case, the State charged defendant by information with AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2010)), a Class 2 offense based on a prior felony conviction. Section 24-1.6 of the AUUW statute in effect at the time of defendant's November 2011 offense provides in part:

> "(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
>
> (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, *** any pistol, revolver, stun gun or taser or other firearm; or
>
> (2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, *** any pistol, revolver, stun gun or taser or other firearm; and
>
> (3) One of the following [eight] factors is present:
>
> (A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense[.]" 720 ILCS 5/24-1.6 (West 2010).

Subsection (d) of the AUUW statute then provides the sentencing scheme that applies to a particular offender based on additional factors. That subsection provides, in relevant part, as follows:

"(d) Sentence.

(1) Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years.

\*\*\*

(3) Aggravated unlawful use of a weapon by a person who has been previously convicted of a felony in this State or another jurisdiction is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years." 720 ILCS 5/24-1.6 (West 2010).

¶ 19 In *Aguilar*, the defendant was found guilty of the Class 4 offense of AUUW–because it was his first offense–and sentenced to 24 months' probation. See *Aguilar*, 2013 IL 112116, ¶ 7, 2 N.E.3d 321. Relying on *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), our supreme court reversed the defendant's conviction, holding that, "as the Seventh Circuit did in *Moore*, we here hold that, on its face, \*\*\* section 24-1.6(a)(1), (a)(3)(A), (d) [of the AUUW statute] violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution" because it "categorically prohibits the possession and use of an operable firearm for self-defense outside the home" and "amounts to a wholesale statutory ban on the exercise of a personal right that is specifically named in and guaranteed by the United States Constitution, as construed by the United States Supreme Court." *Aguilar*, 2013 IL 112116, ¶¶ 21-22, 2 N.E.3d 321.

¶ 20 The supreme court subsequently modified its decision in *Aguilar* to hold only that "on its face, *the Class 4 form* of section 24-1.6(a)(1), (a)(3)(A), (d) violates the right to keep and bear arms." (Emphasis added.) *Id.* ¶ 22, 2 N.E.3d 321. While the *Aguilar* court specified its modified decision "is specifically limited to the Class 4 form of AUUW," it continued, "[w]e make no finding, express or implied, with respect to the constitutionality or unconstitutionality of any other section or subsection of the AUUW statute." *Id.* ¶ 22 n.3, 2 N.E.3d 321. The supreme court otherwise left its original decision fundamentally unchanged.

¶ 21 The modified decision in *Aguilar* was not unanimous. In her dissenting opinion, Chief Justice Garman noted the issue raised by defendant on appeal was whether subsections (a)(1) and (a)(3)(A) of the AUUW statute–which when combined with subsection (a)(2) yield 18 possible different offenses–were facially unconstitutional. *Id.* ¶¶ 34-35, 2 N.E.3d 321 (Garman, C.J., dissenting). The State, however, in its petition for rehearing, "fundamentally redefined the issue" by arguing these sections were not facially unconstitutional because, pursuant to subsection (d) "*which governs sentencing*," they could still be applied to felons. (Emphasis added.) *Id.* ¶¶ 33, 36, 2 N.E.3d 321 (Garman, C.J., dissenting).

¶ 22 In her dissenting opinion, Justice Theis expressed concern that the defendant never raised the sentencing issue at all and that his argument that the AUUW statute was facially unconstitutional was "only dependent upon the elements of the offense," not the class of felony. *Id.* ¶ 43, 2 N.E.3d 321 (Theis, J., dissenting). According to Justice Theis, the majority misinterpreted *Moore*, which did not limit its unconstitutionality holding to the Class 4 form of AUUW as the majority concluded, but rather "found the statute unenforceable based upon its consideration of the elements of the offense." *Id.* ¶ 44, 2 N.E.3d 321 (Theis, J., dissenting).

¶ 23    As Chief Justice Garman and Justice Theis noted in their respective dissents, and as the language of the statute makes clear, subsection (d) of the AUUW statute (720 ILCS 5/24.1(d) (West 2010)) is a sentencing provision. In fact, in *People v. Zimmerman*, 239 Ill. 2d 491, 500-01, 942 N.E.2d 1228, 1234 (2010), our supreme court specifically held that subsection (d) is a sentencing provision. The issue in *Zimmerman* was whether a defendant's previous adjudication as a delinquent minor for an act that if committed by an adult would be a felony is an element of the offense of AUUW or whether it is a sentencing enhancement. *Id*. at 496-97, 942 N.E.2d at 1232. The defendant was charged under section 24-1.6(a)(2) of the AUUW statute because he was in possession of a firearm in a vehicle and had previously been adjudicated delinquent for an offense that, if committed by an adult, would be a felony. *Id*. at 493-94, 942 N.E.2d at 1230.

¶ 24    The *Zimmerman* court concluded that the prior delinquency adjudication was indeed an element of AUUW rather than a sentence-enhancing factor. *Id*. at 500, 942 N.E.2d at 1234. The court stated, "[s]ubsection (a) sets forth the elements of the offense of [AUUW]. In order to convict a defendant, the State must prove beyond a reasonable doubt the elements set forth in subsection (a)(1) or (a)(2), in addition to one of the nine factors in subsection (a)(3)." *Id*. at 499, 942 N.E.2d at 1233. (At the time of Zimmerman's offense, subsection (a)(3) listed nine factors.) The factors enumerated in subsection (a)(3) "transform the crime from 'simple' unlawful use of a weapon to [AUUW]." *Id*. "In a separate subsection entitled 'Sentence,' subsection (d) provides that the offense is a Class 4 felony" and then "lists several factors which increase an individual's sentence for [AUUW] from one classification to a higher classification." *Id.* at 500, 942 N.E.2d at 1233-34.

¶ 25    After examining the statute as a whole, the *Zimmerman* court found "the legislature clearly intended subsection (a)(3)(D) to be an element of the offense of [AUUW] rather than a factor used to increase a defendant's sentence." *Id*. at 500, 942 N.E.2d at 1234. The court further noted, "it would be illogical for the General Assembly to include a sentence-enhancing factor in a list with eight other factors which constitute an element of the offense." *Id*. Thus, the *Zimmerman* court held that the elements of AUUW are contained in subsection (a), while the sentences and sentencing enhancing factors are contained in subsection (d).

¶ 26    In *People v. Campbell*, 2013 IL App (4th) 120635, 2 N.E.3d 1249–a decision filed five days after *Aguilar* was modified, and in which we recognized our supreme court's decision to limit its holding to the Class 4 form of AUUW–this court reversed the defendant's Class 2 felony conviction for AUUW. The State in *Campbell* argued that because the defendant was a convicted felon, his conviction under section 24-1.6(a)(1), (a)(3)(A) was constitutional. This court disagreed and stated:

"The State seems to misunderstand the nature of the supreme court's decision in *Aguilar*. The court in *Aguilar* did not merely hold that section 24-1.6(1)(a), (a)(3)(A) of the Code was unconstitutional as applied in that case–the court held that the statute was unconstitutional *on its face*. [Citation.] 'A statute is facially unconstitutional if there are no circumstances in which it could be validly applied.' [Citation.] Because section 24-1.6(a)(1), (a)(3)(A) of the Code is unconstitutional on its face, neither defendant's status as a felon nor any other factor could render his conviction under that provision of the [AUUW] statute constitutional." (Emphasis in original.) *Id*. ¶ 14, 2 N.E.3d 1249 (quoting *Lucien v. Briley*, 213 Ill. 2d 340, 344, 821 N.E.2d 1148, 1150 (2004)).

¶ 27    As in *Campbell*, defendant here was convicted of the Class 2 form of AUUW. Specifically, because defendant had a prior felony conviction, the offense of AUUW was elevated to a Class 2 offense, with the result being defendant would be required to serve a longer prison sentence upon his conviction than he would without the prior felony. Also as in *Campbell*, the State did not charge defendant with violating section 24-1.1 of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1.1 (West 2010)), which prohibits felons from possessing firearms. Rather, the State charged defendant with violating section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)), which prohibits the possession of firearms under certain circumstances, none of which involve having a prior felony conviction.

¶ 28    The elements of the offense for both the Class 4 and Class 2 forms of the AUUW statute at issue in this case are identical. Under both forms, the State must prove either (1) a defendant "[c]arrie[d] on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, *** any pistol, revolver, stun gun or taser or other firearm" and (2) "the firearm possessed was uncased, loaded and immediately accessible at the time of the offense." 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010). These are the *only* two elements the State had to prove to obtain a conviction for AUUW in this case. The State was *not* required to prove defendant was a felon.

¶ 29    As previously noted, defendant was charged by information with violating section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute. The State further alleged "the defendant has previously been convicted of a felony under the laws of the [S]tate of Illinois," thus enhancing the classification of the offense from a Class 4 felony to a Class 2 felony. Pursuant to section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)), "the fact of such prior conviction and the State's intention to seek an enhanced sentence *are not elements of the offense* and may not be disclosed to the jury during trial." (Emphasis added.)

¶ 30    Defendant here asserts his conviction of the "Class 2 form" of AUUW cannot be upheld on the basis he was convicted of a different offense than the defendant in *Aguilar*. He argues "[t]he 'Class 2 form' of AUUW is simply a harsher punishment for the offense of AUUW, an offense that no longer exists" after *Aguilar*. We agree. Even though the *Aguilar* court "specifically limited" its holding to the Class 4 form of the offense, we cannot see how the Class 4 form of the AUUW statute can be unconstitutional on its face, but the Class 2 form is not, since *both classes of the offense require the State to prove the exact same elements.* Consistent with our prior decision in *Campbell*, we find defendant's conviction for AUUW under section 24-1.6(a)(1), (a)(3)(A) is void. *Cf. People v. Green*, 2014 IL App (4th) 120454, ¶ 13 (noting, in *dicta*, that the modified *Aguilar* did not apply to the Class 2 form of AUUW).

¶ 31    We acknowledge our sister districts have arrived at a different conclusion. *People v. Burns*, 2013 IL App (1st) 120929, 4 N.E.3d 151; *People v. Soto*, 2014 IL App (1st) 121937, 7 N.E.3d 823; *People v. Moore*, 2014 IL App (1st) 110793-B, 8 N.E.3d 1271; *People v. Charles*, 2014 IL App (1st) 112869-U; *People v. Johnson*, 2014 IL App (3d) 120778-U. In these cases, the appellate courts held that, based on the specific references to the Class 4 form of the offense in the modified *Aguilar*, the defendants' Class 2 felony convictions under the AUUW statute were not void. We respectfully disagree with their analyses and believe, for the reasons identified, constitutional jurisprudence dictates the result we reach here.

¶ 32    We therefore vacate defendant's conviction for AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2010)).

¶ 33                              B. Prosecutor's Closing Argument

¶ 34    Because we vacate defendant's conviction for AUUW, we need not consider whether he was denied a fair trial due to alleged improper remarks made by the prosecutor during closing argument.

¶ 35                                    III. CONCLUSION

¶ 36    For the foregoing reasons, we modify our decision upon denial of rehearing and vacate defendant's Class 2 conviction for AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2010)).

¶ 37    Vacated.