2016 IL App (2d) 130997
No. 2-13-0997
Opinion filed February 8, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-3438 |
| VERNON L. SMITH, | ) ) | Honorable John R. Truitt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices Jorgensen and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    After a jury trial, defendant, Vernon L. Smith, was convicted of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2010)) and was sentenced to a 20-year prison term (730 ILCS 5/5-4.5-25(a) (West 2010)) and a mandatory add-on of 15 years (720 ILCS 5/18-2(b) (West 2010)), for a total of 35 years.  On appeal, his initial brief argued that he is entitled to a new sentencing hearing because the trial court improperly considered in aggravation a prior conviction of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(3)(A) (West 2002)).  This conviction, from 2003 in Winnebago County, was a Class 2 felony, owing to defendant's prior felony convictions (see 720 ILCS 5/24-1.6(d) (West 2002)).  Defendant's initial brief contended that the AUUW conviction is void because it was based on the AUUW

statute that was held facially unconstitutional in *People v. Aguilar*, 2013 IL 112116. Defendant also had a recent conviction of unlawful use of a weapon by a felon in Cook County.

¶ 2    The State responded that *Aguilar* invalidated the statute only insofar as it created the Class 4 offense of AUUW, which is committed by a defendant who lacks a prior felony conviction (or other aggravating factor). See 720 ILCS 5/24-1.6(d) (West 2012). The State also contended that any error was harmless.

¶ 3    After the parties filed their initial briefs, we ordered supplemental briefing on the issue of whether we have the authority to decide whether defendant's AUUW conviction is void. Our order cited *People v. Ware*, 2014 IL App (1st) 120485. The parties submitted briefs accordingly.

¶ 4    Defendant also filed a second supplemental brief, contending that the trial court had erred in considering in aggravation his Cook County conviction, which had been reversed outright on appeal owing to a fourth-amendment violation. The State filed a response brief. We now decide both of defendant's claims of error. We hold that the trial court committed reversible error in considering both convictions at issue. We thus remand the cause for resentencing.

¶ 5    We start with the proceedings in this case. The trial evidence showed that, on December 7, 2011, defendant approached the victim, pointed a gun at him, and told him to hand over his money. The victim complied, and defendant ran away. The jury found him guilty. The pretrial service report (PSR), which served as a presentencing investigation report, revealed the following pertinent facts. Defendant had no juvenile record. His felony convictions were as follows. In 1998, he was convicted of residential burglary and was sentenced to six years in prison. In 2000, he was convicted of residential burglary and received four years in prison. In 2003, he was convicted of AUUW as a Class 2 felony and was sentenced to four years in prison. As pertinent here, the AUUW statute read:

"(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm; or

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode or fixed place of business, any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

(A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense; ***

* * *

(d) Sentence.  Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony.  Aggravated unlawful use of a weapon by a person who has been previously convicted of a felony in this State or another jurisdiction is a Class 2 felony."  720 ILCS 5/24-1.6 (West 2002).

¶ 6    Defendant also had a 2013 felony conviction, in Cook County, of unlawful use of a weapon by a felon; he had been out on bond in that case when he committed the offense here.

¶ 7    At the sentencing hearing, the parties presented no new evidence.  In argument, the State requested that the court impose a sentence in the high end of the Class X range (6 to 30 years)

(730 ILCS 5/5-4.5-25(a) (West 2010)). The State emphasized the seriousness of the offense and defendant's long criminal history, stating that the present offense was his "third conviction involving a firearm." Defendant also had several misdemeanors. Further, the State argued that a substantial sentence was needed to deter defendant and others from committing similar crimes.

¶ 8 Defendant requested the minimum sentence, which by law would run consecutively to his sentence in the Cook County case. He had four children and had been working toward a GED.

¶ 9 The trial judge stated as follows. The only mitigating factor was the hardship that defendant's absence might cause his children. His criminal history was "certainly a factor in aggravation." He had committed two residential burglaries before turning 20. Although the misdemeanors were of little weight, "[p]robably more significantly back in '03 when he was 23 years of age is his first weapons offense, [AUUW], for which the defendant in '03 was sentenced to four years in [prison]. That is felony No. 3." There was also the recent Cook County conviction of unlawful use of a weapon by a felon. Thus, the present conviction was defendant's "fifth felony conviction and third felony conviction involving the use of a weapon and *** he was out on bond on the Cook County case when this offense was committed." The judge continued:

> "The bottom line is this: His prior record and the nature of these felony convictions is significant, and it warrants a sentence far in excess of the mandatory minimum. I think I already commented this is mandatory DOC, but his prior record alone coupled with the facts of this case certainly require a sentence far in excess of the minimum."

¶ 10 Defendant was sentenced to 35 years' imprisonment, representing a discretionary term of 20 years and the mandatory add-on of 15 years, to run consecutively to the sentence in the Cook County case. The trial court denied his motion to reconsider his sentence. He timely appealed.

¶ 11 On appeal, defendant contends first that the cause must be remanded for resentencing because the trial court improperly relied on his AUUW conviction. Defendant asserts that the conviction is void *ab initio* because it was based on the AUUW statute, which *Aguilar* held void for violating the second amendment (U.S. Const., amend. II). Defendant observes that a sentencing court may not consider, as a factor in aggravation, a prior conviction that was based on a statute later declared unconstitutional. See *People v. Alejos*, 97 Ill. 2d 502, 511 (1983). He notes that the *Aguilar* court limited its holding to Class 4 AUUW, *i.e.*, the prohibition of certain weapons-related conduct by a person who has no prior felony convictions or other factors that would make the offense a Class 2 felony under the AUUW statute. However, he contends, the AUUW statute does not set out two separate offenses but describes only a single offense (AUUW) with varying penalties.

¶ 12 The State responds that we need not reach the constitutional issue, because defendant would have received the same sentence had the AUUW conviction not been considered. The State also argues that the AUUW statute embodies two separate offenses, Class 4 AUUW and Class 2 AUUW, and that *Aguilar* did not invalidate Class 2 AUUW.

¶ 13 After the parties submitted their initial briefs, we ordered supplemental briefing on the issue of whether this court has the authority to decide whether defendant's conviction of AUUW is void. Our order was based on *People v. Ware*, 2014 IL App (1st) 120485. There, the defendant was convicted of six counts of armed robbery with a firearm and sentenced to concurrent 50-year prison terms. Among the aggravating factors at sentencing were the

defendant's two convictions years earlier of Class 2 AUUW. *Id.* ¶¶ 9, 34. On appeal, the defendant argued in part that a remand for resentencing was necessary so that the trial court could decide whether, under the intervening opinion in *Aguilar*, those two convictions were void, making them improper aggravating factors. *Id.* ¶¶ 1, 33. The appellate court agreed with the State that the validity of the convictions under *Aguilar* was not properly before it on the appeal from a wholly separate proceeding. *Id.* ¶ 33.

¶ 14 The court noted that the defendant's notice of appeal, which limited the court's jurisdiction, referred only to defendant's convictions of armed robbery and not to his convictions of AUUW. *Id.* ¶ 34. The court continued:

"Furthermore, the fact that *Aguilar* found the Class 4 form of AUUW void does not give us jurisdiction over defendant's prior convictions. Compare *People v. Dunmore*, 2013 IL App (1st) 121170 (where court found it had authority to vacate AAUW [*sic*] conviction based on *Aguilar* on appeal from a revocation of the sentence of probation imposed on that AAUW [*sic*] conviction but did not have jurisdiction to consider State's request to remand the matter so it could reinstate nol-prossed charges). First, the 'appellate court is not vested with authority to consider the merits of a case merely because the dispute involves an order or judgment that is, or is alleged to be, void.' *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). Therefore, if defendant wishes to challenge his prior convictions [of] AUUW, he must file appropriate pleadings." *Id.*

The court also stated that, in any event, any error was harmless, as the trial court had placed little emphasis on the AUUW convictions. *Id.* ¶ 36.

¶ 15 The State, of course, argues that *Ware* bars us from considering defendant's argument on appeal. Defendant responds, however, with a clarification of what he is arguing: he "is not

asking this Court to vacate his 2003 AUUW conviction; he is asking this Court to review whether that conviction could be used in aggravation during the sentencing hearing in this case, the appeal from which is properly before this Court." Defendant relies on *People v. Fischer*, 100 Ill. App. 3d 195 (1981). There, the defendant was convicted of voluntary manslaughter. He had a prior conviction of possession of marijuana, based on a statute that had since been declared unconstitutional. Despite this infirmity, the trial court considered the conviction in aggravation. *Id.* at 199-200. The appellate court reversed the defendant's sentence and remanded. *Id.* at 200. The court did not address whether it had the authority to void the possession conviction, and it did not purport to do so. Instead, it explained only that the trial court had abused its discretion in considering a conviction that was based on a statute that was later held unconstitutional. *Id.*

¶ 16 We accept defendant's distinction. Although we have jurisdiction of the judgment in *this* case, it is questionable whether we could actually vacate defendant's AUUW conviction, which of course was entered in a *different* case. However, as defendant has now made clear, he is not asking us to do so; rather, he is asking us simply to hold that his AUUW conviction should not have been given any effect in *this* case. We agree that, per *Fischer*, we may decide whether the trial court erred in relying on the AUUW conviction in aggravation, even if we may not vacate that conviction itself.

¶ 17 Defendant claims that his sentence was tainted by the judge's consideration of the AUUW conviction. His argument is premised on his assertion that, despite *Aguilar*'s qualified holding, Class 2 AUUW is void *ab initio.* Defendant reasons that there is only one offense of AUUW and that the "Class 2" and "Class 4" forms merely represent different sentencing schemes based on factors that are not elements of AUUW.

¶ 18 The State initially contends that we need not reach the constitutional issue, because the conviction of AUUW did not influence defendant's sentence. The State asserts that the judge focused on defendant's entire criminal history, noting its increasing seriousness over time and that defendant was out on bond in the Cook County case when he committed the present offense. Defendant responds that the judge concentrated on defendant's three convictions that involved the possession or use of weapons. After putting aside the misdemeanor offenses, the judge noted, "[p]robably more significantly back in '03 when he was 23 years of age is his first weapons offense, [AUUW], for which the defendant in '03 was sentenced to four years in [prison]. That is felony No. 3." He then noted, "[Defendant's] prior record and the nature of these felony convictions [were] significant" and warranted a lengthy sentence. From these remarks, we cannot say that the weight that the judge placed on defendant's AUUW conviction was so insignificant that it did not affect the sentence. See *People v. Heider*, 231 Ill. 2d 1, 21 (2008). The AUUW conviction plainly meant a great deal to the judge's consideration. Having only two felony weapons convictions to consider, instead of three, might well have lessened the sentence. Therefore, we must reject the State's argument that any error was harmless.

¶ 19 We turn to the merits of defendant's contention that his AUUW conviction was an improper sentencing factor. This requires us to decide whether his conviction of the Class 2 form of AUUW is constitutionally invalid.[1] In light of the supreme court's recent decision in

---

[1] As noted, defendant describes his conviction as "void." Strictly speaking, a judgment is "void" only if the court that entered it lacked jurisdiction (*People v. Castleberry*, 2015 IL 116916, ¶ 13), and it is questionable whether the unconstitutionality of a statute divests a trial court of jurisdiction to enter a conviction (*People v. McGuire*, 2015 IL App (2d) 131266, ¶ 13). We need not decide the issue, however. Substantively, defendant's claim is that, because the

*People v. Burns*, 2015 IL 117387, we must agree with defendant that the entire statute is unconstitutional and that there is no distinction between Class 2 AUUW and Class 4 AUUW. Therefore, defendant's AUUW conviction is invalid and may not be considered in sentencing.

¶ 20    In *Aguilar*, as pertinent here, the supreme court phrased the issue as "whether the Class 4 form of [the AUUW statute]" violated the second amendment. *Aguilar*, 2013 IL 112116, ¶ 1. The defendant claimed that the Class 4 form of the statute (and another statute not at issue here) were facially invalid, meaning that they could not be constitutionally enforced against anyone. *Id.* ¶ 12. To begin its analysis, the court observed that, in *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), the Supreme Court had struck down a local law flatly banning the possession of handguns in the home. *Aguilar*, 2013 IL 112116, ¶ 16. Later, in *McDonald v. City of Chicago*, 561 U.S. 742, 760 (2010), the Court held that the fourteenth amendment (U.S. Const., amend. XIV) makes the second amendment operable against state legislation, and it invalidated a Chicago ordinance as violating the right to keep and bear arms for self-defense. *Aguilar*, 2013 IL 112116, ¶ 17.

¶ 21    The supreme court next turned to *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), which held that the Class 4 form of AUUW created, in effect, " 'a flat ban on carrying ready-to-use guns outside the home' " and, as such, violated the second amendment as construed by *Heller* and *McDonald*. *Aguilar*, 2013 IL 112116, ¶ 19 (quoting *Moore*, 702 F.3d at 940). The

_____

AUUW statute is unconstitutional even as it pertains to the Class 2 form of the offense, the trial court here should not have considered his conviction in aggravation. If the statute indeed is unconstitutional in that sense, then his argument is correct, regardless of whether his conviction is "void." See *Alejos*, 97 Ill. 2d at 511.

reason was that the second amendment protects the right to bear arms for self-defense outside, as well as inside, the home. *Id.*; see *Moore*, 702 F.3d at 940, 942.

¶ 22    *Aguilar* recognized that the right to keep and bear arms is not absolute; it is subject to "meaningful regulation." *Aguilar*, 2013 IL 112116, ¶ 21. However, the Class 4 form of AUUW was not a "reasonable regulation" but a "comprehensive ban." *Id.* It "categorically prohibit[ed] the possession and use of an operable firearm for self-defense outside the home." *Id.* Thus, on its face, the Class 4 form of the AUUW statute violated the second amendment. *Id.* ¶ 22. The court specifically limited its holding to the Class 4 form and made "no finding, express or implied," about the constitutionality of any other portion of the AUUW statute. *Id.* ¶ 22 n.3.

¶ 23    After *Aguilar*, the appellate court issued conflicting rulings on whether only the Class 4 form of AUUW violates the second amendment. In *People v. Burns*, 2013 IL App (1st) 120929, *rev'd*, 2015 IL 117387, the court affirmed the defendant's conviction of Class 2 AUUW. The court recognized the difficulties of carving a separate offense of Class 2 AUUW out of the AUUW statute, as the Class 2 factors were contained in subsection (d). Yet the court noted that *Aguilar* repeatedly distinguished between the two types of AUUW, implying that only the Class 4 form was unconstitutional. *Id.* ¶ 24. The court then reasoned that, as there is no constitutional bar to prohibiting felons from possessing firearms, the Class 2 form of AUUW was constitutional. *Id.* ¶¶ 25-30.

¶ 24    *People v. Gayfield*, 2014 IL App (4th) 120216-B, reached the opposite conclusion and vacated the defendant's conviction of Class 2 AUUW. The court based its holding on the proposition that subsection (d) of the statute is a "sentencing provision." *Id.* ¶ 23. Indeed, the court noted, in *People v. Zimmerman*, 239 Ill. 2d 491, 500-01 (2010), the supreme court had held that subsection (d) is a sentencing provision and thus does not create any new elements of a

substantive offense. *Gayfield*, 2013 IL App (4th) 120126-B, ¶¶ 23-24. Thus, *Gayfield* explained, the *Zimmerman* court had held that subsection (a) of the statute contains all of the elements of AUUW whereas subsection (d) contains the sentences and sentence-enhancement factors. *Id.* ¶ 24. Because the defendant had been charged with this offense—the one defined by subsection (a)—he was, in actuality, convicted of the same offense as was the defendant in *Aguilar*. He had merely received a harsher penalty. *Id.* ¶ 30.

¶ 25    On further appeal in *Burns*, the supreme court agreed with the reasoning of *Gayfield* and *Zimmerman*. The court stated, "[W]e now acknowledge that our reference in *Aguilar* to a 'Class 4 form' of the offense was inappropriate. No such offense exists. There is no 'Class 4 form' or 'Class 2 form' of aggravated unlawful use of a weapon." *Burns*, 2015 IL 117387, ¶ 22. Thus, "section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute is facially unconstitutional." *Id.* ¶ 25.

¶ 26    Based on *Burns*, we hold that, because defendant's AUUW conviction was based on an unconstitutional statute, the trial court erred in relying on it in sentencing him. Further, as we have explained, the error was not harmless.

¶ 27    We turn to the issue raised in defendant's second supplemental brief: whether resentencing is required also because, as the State concedes, the appellate court reversed his conviction in the Cook County case. For the same reasons outlined above, we agree with defendant that resentencing is required on this ground also.

¶ 28    The State notes that, even though at resentencing it may not introduce either of defendant's defunct convictions as evidence in aggravation, the court in resentencing defendant may, in its discretion, consider defendant's prior conduct that did not result in a conviction (or that even resulted in an acquittal). *People v. Jackson*, 149 Ill. 2d 540, 549 (1992). Any such

conduct must be proved by sworn testimony presented in open court by a witness who can be cross-examined.  See *People v. La Pointe*, 88 Ill. 2d 482, 498-99 (1981).

¶ 29    For the foregoing reasons, we affirm defendant's present conviction of armed robbery but vacate his sentence and remand the cause for resentencing consistent with this opinion.

¶ 30    Affirmed in part and vacated in part; cause remanded.