2016 IL App (1st) 134006
Nos. 1-13-4006 & 1-13-4007 (Cons.)
May 24, 2016

SECOND DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | Of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | No. 10 CR 6426 |
| v. | ) | 10 CR 6427 |
| | ) | |
| JERMAINE BILLUPS, | ) | The Honorable |
| | ) | Neera Lall Walsh, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1     The trial court, in a bench trial, found Jermaine Billups guilty of delivering more than one gram of heroin, and sentenced him to six years in prison. Billups contends on appeal that his attorney provided ineffective assistance of counsel by failing to object to the court's consideration in sentencing of two prior convictions for violations of statutes later held unconstitutional. We agree that counsel's performance fell below an objective standard of reasonableness and that Billups showed a reasonable probability that the court would have

imposed a lesser sentence if his counsel had not erred. Accordingly, we vacate the sentence and remand for resentencing.

¶ 2                                          BACKGROUND

¶ 3        Police arrested Billups outside his home on March 18, 2010. A grand jury indicted Billups on charges that he delivered more than one gram of heroin to an undercover officer on September 2, 2009, and that he delivered more than one gram of heroin to the same officer again on September 10, 2009. The circuit court consolidated the charges for trial.

¶ 4        At the bench trial, Officer Orlando Rodriguez of the Chicago police department testified that on September 2, 2009, he called a specified phone number and arranged to purchase heroin. He saw Billups drive up to the arranged meeting place in a black Mercedes. Billups gave Rodriguez 12 tinfoil packets in exchange for $100. Rodriguez called the same number on September 10, 2009, and again arranged a meeting. Billups arrived at the arranged meeting place in a maroon Buick, and again gave Rodriguez 12 tinfoil packets in exchange for $100.

¶ 5        Rodriguez inventoried the tinfoil packets. The parties stipulated that chemists would testify that the substance in the inventoried packets tested positive for heroin and each set of 12 packets held more than one gram of heroin.

¶ 6        Rojai Person, a defense witness, testified that he stood outside Billups's home on March 18, 2010, waiting for Billups, when police drove up. The officers searched Person and asked to see his identification card. An officer apologized for the intrusion. When Billups came out of his home, the officers searched and arrested Billups. Person added that he looks

nothing like Billups. However, Person admitted that in 2010 Billups usually drove a black Mercedes. Other evidence showed that Billups also had access to a maroon Buick.

¶ 7      The trial judge found Rodriguez credible, including his identification of Billups in court as the person who sold him heroin. The court found Billups guilty on two charges of the Class 1 felony of delivering heroin. The court denied Billups's motion for a new trial.

¶ 8      The presentence investigation report indicated that a court had found Billups guilty on 2 counts of possession of a controlled substance in 1995, both Class 4 felonies, for which the court imposed concurrent terms of one year in prison. Billups had a conviction for misdemeanor aggravated assault, also from 1995, for which he served a year of probation. In 2009, Billups had another Class 4 felony conviction for drug possession, for which he served a sentence of 24 months probation. Two minor misdemeanors appeared on the list of prior crimes, one for public drunkenness in 2008, and another for driving on a suspended license in 2002. Billups admits that the trial court properly consider the foregoing convictions in aggravation when it sentenced him on November 15, 2013. This appeal concerns only the other convictions listed in the presentence investigation report: a January 1995 conviction for misdemeanor possession of a firearm, a second for felony possession of a firearm in September 1995, and a third for unlawful possession of a firearm by a felon in 1998. The State presented no evidence as to whether the prior charge for felony possession of a firearm from 1995 counted as the predicate felony for the charge of unlawful use of a firearm by a felon.

3

¶ 9    Defense counsel did not object to the presentence investigation report or ask for any amendment to the listed prior offenses. The trial judge recognized that she could sentence Billups to a period of probation or 4 to 15 years in prison. See 730 ILCS 5/5-5-3(b)(1), 5-8-1(a)(4) (West 2008). The judge said, "It has been a long time since you have been in the penitentiary, but you have been in the penitentiary for narcotics cases and gun cases." The court sentenced Billups to two concurrent terms of six years in prison on November 15, 2013. Billups's attorney immediately presented a motion for reconsideration of the sentence, arguing that the sentence "is excessive and inappropriate in light of the remoteness of his last incarceration and ample mitigation presented." The trial court denied the motion for reconsideration. Billups now appeals.

¶ 10                                   ANALYSIS

¶ 11    In this appeal, Billups challenges only the use of the gun convictions in aggravation at sentencing. Both of the convictions for gun possession from 1995 resulted from violations of unconstitutional statutes. See *People v. Aguilar*, 2013 IL 112116, ¶¶ 19-21; see also *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). Billups does not contest the constitutionality of the statute at issue in the 1998 felony gun conviction, but he notes that the court would have convicted him improperly if it predicated the conviction for unlawful use of a weapon by a felon on the unconstitutional 1995 felony conviction for firearm possession.

¶ 12    The State contends that we lack jurisdiction to consider Billups's argument. In *People v. Ware*, 2014 IL App (1st) 120485, a defendant convicted for armed robbery argued that the trial court had improperly relied on unconstitutional prior convictions for firearm possession

4

when it sentenced him for the armed robbery.  The *Ware* court held that it did not have jurisdiction to vacate the prior convictions for firearm possession.  *Ware*, 2014 IL App (1st) 120485, ¶ 34.  But here, as in *People v. Smith*, 2016 IL App (2d) 130997, the defendant does not ask the court to vacate the prior convictions for firearm possession.  Instead, Billups asks this court to hold that the trial court improperly considered in aggravation Billups's convictions for violating unconstitutional statutes.  As the *Smith* court held, "we may decide whether the trial court erred in relying on the AUUW conviction in aggravation, even if we may not vacate that conviction itself."  *Smith*, 2016 IL App (2d) 130997, ¶ 16.

¶ 13    Billups acknowledges that his attorney failed to object in the trial court to the consideration of the unconstitutional convictions.  He asks us to review the issue as plain error or as a matter of ineffective assistance of counsel.

¶ 14    For a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that "but for counsel's incompetence, the defendant stood a reasonable chance of achieving a better result."  *People v. Burnett*, 385 Ill. App. 3d 610, 614 (2008).  The defendant must overcome the presumption that counsel's acts might have resulted from a sound defensive strategy.  *People v. Evans*, 186 Ill. 2d 83, 93 (1999).

¶ 15    Two of Billups's three firearms convictions resulted from violations of unconstitutional statutes.  Our supreme court's crucial decision concerning the constitutionality of firearms statutes predated the sentencing hearing in this case.  See *Aguilar*, 2013 IL 112116, ¶¶ 19-21.  Competent counsel should have known that the *Aguilar* court held a firearms statute

5

unconstitutional on grounds that would apply to both of Billups's convictions from 1995. See *People v. Siedlinski*, 279 Ill. App. 3d 1003, 1005-06 (1996)(the court held that the failure of defendant's trial counsel to request the $5 per day credit constituted ineffective assistance of counsel). The failure to object to the use of the two convictions in aggravation cannot have served any strategic purpose. See *United States v. Otero*, 502 F.3d 331, 336 (3d Cir. 2007). Accordingly, we find that Billups has sufficiently shown that his counsel's performance fell below an objective standard of reasonableness.

¶ 16     The State argues that Billups suffered no prejudice from the error. The trial judge referred to Billups's "gun crimes" as a reason for the sentence imposed. To establish prejudice, Billups needs to show only a "reasonable probability" that the trial judge would have imposed a lesser sentence if his counsel had not erred. *People v. Steidl*, 177 Ill. 2d 239, 257 (1997). The trial judge knew she could sentence Billups to probation, or a term of only four years in prison. The judge acknowledged that Billups had little criminal history in the 15 years preceding the conviction here. In the 15 years prior to this conviction, Billups had one Class 4 felony conviction for possession of a controlled substance, and two very minor misdemeanor convictions. The judge relied more heavily on the older convictions: two Class 4 felonies for drug possession, one for misdemeanor aggravated assault, and the three gun charges. We find a reasonable probability that the court would have imposed a lesser sentence if defense counsel had alerted the court to the unconstitutionality of the statutes Billups violated for two of the three gun convictions.

6

¶ 17 Billups has already served almost all of his sentence. He asks this court to impose a lesser sentence without remanding to the trial court. He argues that Illinois Supreme Court Rule 615(b)(4) authorizes this court to impose a reduced sentence. See Ill. S. Ct. R. 615(b)(4).

¶ 18 Our supreme court has restricted our exercise of the authority to reduce sentences to cases in which the trial court abused its sentencing discretion. *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977). In light of the information presented to the court, including the list of prior convictions presented without objection, we cannot say that the trial court abused its discretion when it sentenced Billups to concurrent terms of six years in prison. Therefore, we will not impose a reduced sentence on Billups. We remand to the trial court for resentencing. See *Perruquet*, 68 Ill. 2d at 154.

¶ 19 CONCLUSION

¶ 20 We have jurisdiction to consider Billups's argument that at sentencing the trial court should not have considered Billups's two prior convictions for violations of unconstitutional statutes. Billups's trial counsel provided objectively unreasonable assistance when he failed to point out to the court that it should not consider the two gun convictions in aggravation. We also find a reasonable probability that the court would have imposed a lesser sentence if counsel had not erred. Trial counsel provided ineffective assistance during sentencing when he failed to object to the court's consideration of two prior convictions for violations of statutes later held unconstitutional. Accordingly, we affirm the convictions, vacate the sentences and remand to the trial court for sentencing.

¶ 21         Affirmed in part, vacated in part and remanded.