2022 IL App (2d) 210588-U
No. 2-21-0588
Order filed August 26, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-313 |
| ROY A. VAZQUEZ, | ) ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hudson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's postconviction petition did not present an arguable claim that defense counsel was ineffective for failing to (1) investigate defendant's mental health issues stemming from his past emotional trauma and (2) present those issues as mitigating evidence at sentencing. First, nothing in the record would have alerted counsel of the need to investigate defendant's mental health beyond what was already known. Second, the trial court was aware that defendant suffered emotional trauma capable of impacting his mental health, yet the court did not consider that trauma mitigating beyond the fact that it might have contributed to defendant's substance addiction; thus, it is not arguable that the court would have imposed a lesser sentence if the court had further evidence of defendant's mental health.

¶ 2    Defendant Roy A. Vazquez appeals the judgment of the circuit court of Boone County dismissing his postconviction petition (725 ILCS 5/122-1 *et seq.* (West 2020)). He contends that

he stated the gist of a claim that his defense counsel was ineffective for failing to investigate his mental health issues and present them as mitigating evidence at sentencing. Because the petition did not set forth an arguable claim that counsel was ineffective, we affirm.

¶ 3                                      I. BACKGROUND

¶ 4      In February 2020, defendant entered a negotiated guilty plea to possession of a controlled substance (cocaine) with intent to deliver (720 ILCS 570/401(a)(2)(D) (West 2016)). Under the plea agreement, the State recommended a sentencing cap of 20 years' imprisonment.

¶ 5      After accepting the plea, the trial court ordered a presentence investigation report (PSI). In the PSI's section on mental health status, defendant reported that his mental health was stable, he had no mental health concerns, and he had never been diagnosed with a mental illness. The section "Mental Health Evaluation/Treatment History" noted that defendant was hospitalized in 1994 at age 20 and that, upon his release, he was "recommended to follow up with mental health treatment." The "Commentary" to the section on defendant's mental health reiterated that he "reported never being diagnosed with a mental illness" and that his suicide attempt was the reason for his 1994 hospitalization. After his release, he never followed up with the recommendation for mental health treatment. Defendant also reported in the PSI that he had drug and alcohol dependency.

¶ 6      At the sentencing hearing in June 2020, defendant told the trial court in allocution that he had been battling drug and alcohol addiction since age 17 when he found his mother's body after she had committed suicide by burning. He "still remember[ed] it and it hurt[ ]."

¶ 7      Defense counsel argued that defendant's drug addiction fueled much of his criminal behavior. His mother's suicide, the loss of his younger brother to cancer, and his father's death on Christmas Day constituted a "lot of loss and a lot of hardship in his life." Defendant also had "his

own demons[,] trying to commit suicide at one time." Accordingly, counsel urged the court to consider defendant's drug addiction in mitigation.

¶ 8       In sentencing defendant, the trial court considered in mitigation defendant's remorse and addiction, among other things. The court did not mention defendant's mental health apart from his addiction. The court imposed a 19-year prison sentence.

¶ 9       Defendant filed a motion to reconsider his sentence, contending that it was excessive. The trial court denied the motion, and defendant appealed. The appellate defender moved to withdraw because defendant had not sought to withdraw his negotiated plea before appealing. We granted appellate counsel's motion to withdraw and dismissed the appeal. See *People v. Vazquez*, No. 2-20-0471 (2021) (unpublished summary order Supreme Court Rule 23(c)).

¶ 10      Subsequently, defendant filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). He claimed that his defense counsel was ineffective in two respects. First, counsel failed to pursue an entrapment defense. Second, counsel failed at sentencing to "mention[ ] *** that [defendant] was a mentally ild [*sic*] person." Defendant alleged that, "if [the trial court] would have know [*sic*] that [defendant] was a men [*sic*] with diminished capacity[,] [the court] may have given [defendant], a variance sentence with a lower departure." Defendant alleged that his records from the John J. Madden Mental Health Center would support his claim. However, in an attachment to the petition, defendant stated that the Madden Center had not responded to his records request. He included his request form to the Madden Center seeking records from 2003 to 2005. He also included records of his mental health treatment while in prison. Defendant was diagnosed with posttraumatic stress disorder, adjustment disorder with depressed and anxious mood, and drug- and alcohol-use disorder.

¶ 11    The trial court summarily dismissed both claims.  The court found that the record contradicted the ineffectiveness claim related to defendant's alleged mental health issues.  The court noted that defendant reported in the PSI that he was never diagnosed with mental illness and did not seek recommended mental health treatment after being released from the hospital in 1994. The court also remarked that defendant mentioned in allocution his substance addiction but not any other mental health issues.  Finally, the court commented that defense counsel "actually did raise the issue of [defendant's] mental health during the sentencing" when he argued in mitigation that defendant had suffered hardship and loss through family deaths and had attempted suicide. The court dismissed the petition as frivolous and patently without merit.  Defendant filed this timely appeal.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendant contends that the trial court erred in summarily dismissing his *pro se* petition.  He claims that his petition stated the gist of a claim that his defense counsel was ineffective for failing to (1) investigate defendant's mental health issues related to his mother's suicide and other family deaths and (2) present those issues as mitigating evidence at sentencing. Defendant asserts that, if the trial court had been aware of defendant's mental health issues, the court likely would have imposed a lesser sentence.

¶ 14    The Act provides a three-stage process for the adjudication of a postconviction petition. *People v. Buffer*, 2019 IL 122327, ¶ 45.  At the first stage, the trial court determines whether the petition is frivolous or patently without merit.  725 ILCS 5/122-12.1(a)(2) (West 2020).  Because most petitions at the first stage are drafted *pro se*, the threshold for survival is low.  *People v. Hodges*, 234 Ill. 2d 1, 9 (2009).  Accordingly, the trial court may summarily dismiss a *pro se* petition as frivolous or patently without merit only if the claims have no arguable basis either in

law or fact. *Hodges*, 234 Ill. 2d at 11-12. We review *de novo* the summary dismissal of a postconviction petition. *People v. Hatter*, 2021 IL 125981, ¶ 24.

¶ 15 A two-pronged test generally governs an ineffective-assistance-of-counsel claim. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under that test, a defendant must establish that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced him. *People v. Brown*, 2017 IL 121681, ¶ 25. Even if professionally unreasonable, an error by counsel does not warrant setting aside a judgment in a criminal proceeding if the error did not affect the judgment. *Strickland*, 466 U.S. at 691. For an ineffectiveness claim related to sentencing, a defendant demonstrates prejudice by showing a reasonable probability that the trial court would have imposed a lesser sentence had counsel not erred. *People v. Billups*, 2016 IL App (1st) 134006, ¶ 16. However, at the first stage of a postconviction proceeding, a petition alleging ineffective assistance may not be dismissed if it is arguable that (1) counsel's performance fell below an objective standard of reasonableness and (2) defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17.

¶ 16 Here, it was not arguable that defense counsel's performance was objectively unreasonable or, alternatively, that defendant suffered any prejudice. As for counsel's performance, the record belies any claim that he should have investigated defendant's mental health. Defendant reported in the PSI that his mental health was stable, he had no mental health concerns, and he had never been diagnosed with a mental illness. The PSI further stated that, although defendant had been hospitalized after attempting suicide and had been recommended to obtain mental health treatment upon his release, defendant never followed up with that treatment. Given defendant's denials that he had a mental health issue and his failure to seek recommended treatment, counsel could not have been reasonably expected to see defendant's mental health as a viable issue warranting further

investigation. Further, defendant noted in allocution his drug and alcohol addiction stemming from his mother's suicide but did not mention any other mental health issues. Again, nothing in defendant's allocution would have apprised counsel of the need to investigate defendant's mental health. Nor did defendant claim in his petition that he otherwise alerted defense counsel to any mental health issues or the need to investigate his mental health further. Thus, counsel's failure to investigate defendant's mental health and argue it as a mitigating factor at sentencing was not arguably deficient.

¶ 17    Even if defense counsel was arguably deficient in not investigating defendant's mental health and arguing it as a mitigating factor at sentencing, such a deficiency was not arguably prejudicial. At the sentencing hearing, defendant told the trial court that he had been battling drug and alcohol addiction since age 17 when he found his mother after she had committed suicide by burning. Defense counsel argued that defendant's mother's suicide, the loss of his younger brother to cancer, and his father's death on Christmas Day constituted a "lot of loss and a lot of hardship in [defendant's] life." Counsel further argued that defendant had "his own demons[,] trying to commit suicide at one time." The PSI, besides noting that defendant had a substance addiction, reported under "Mental Health Evaluation/Treatment History" that defendant had been hospitalized after attempting suicide. Thus, the PSI apprised the trial court that defendant suffered considerable emotional trauma that might have impacted his mental health. Yet, the court did not find that defendant's mental health, beyond his significant substance addiction, was a mitigating factor. Accordingly, it was not arguable that the court would have imposed a lesser sentence if counsel had presented further evidence of how defendant's emotional trauma impacted his mental health.

¶ 18    Because defendant's petition did not state an arguable claim that defense counsel was ineffective for failing to investigate defendant's mental health issues and present them in mitigation at sentencing, the trial court did not err in summarily dismissing the petition.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Boone County.

¶ 21    Affirmed.