2024 IL App (1st) 220837
Nos. 1-22-0837 & 1-22-1821 (cons.)
Opinion filed March 29, 2024

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | Nos. 09 CR 22166 and 09 CR 22172 |
| | ) | |
| DEVILLE McCANTS, | ) ) | Honorable Michele McDowell Pitman, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Oden Johnson and Justice C.A. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1     Deville McCants argues that his guilty plea was not voluntary, intelligent, and knowing when he faced impeachment by the introduction of a 2007 conviction invalidated under *People v. Aguilar*, 2013 IL 112116 (aggravated unlawful use of weapon statute facially unconstitutional and convictions under statute void *ab initio*, meaning as if statute never existed). Five years later, in *In re N.G.*, 2018 IL 121939, our supreme court held that a void conviction is a nullity and treated as though it never existed. Taking the allegations in McCants's postconviction petition as true, the

petition sets forth a substantial showing that McCants's constitutional rights were violated and the trial court should have held an evidentiary hearing. We reverse and remand for further proceedings.

¶ 2                                    Background

¶ 3     Two indictments charged McCants for an August 2009 shooting of Jheramie Mack and in the direction of friends in the car with Mack and a February 2009 shooting incident also involving Mack.

¶ 4     In January 2013, as the trial was about to begin, the State filed a motion *in limine* that should McCants testify, the State would introduce evidence of his criminal history. See *People v. Montgomery*, 47 Ill. 2d 510 (1971) (evidence of prior felony conviction admissible subject to judicial discretion to impeach defendant's credibility). McCants had a single conviction in 2007 for aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2006)). McCants's trial counsel challenged the State's motion, arguing against using the conviction as (i) highly prejudicial and (ii) affecting McCants's decision to testify on his own behalf. The court ruled the conviction would come into evidence.

¶ 5     With jurors waiting in the hallway for the trial, McCants's attorney asked to speak to him privately. After that, the defense informed the court that McCants would accept the State's offer on the two pending cases and change his plea to guilty.

¶ 6                                    *Guilty Plea*

¶ 7     McCants was admonished about the sentencing range for each offense and acknowledged he waived his right to a jury trial. He understood both counts would run consecutively and be served at 85%. McCants plead guilty under the plea agreement to a single, Class X, count of aggravated battery with a firearm, including a finding of great bodily harm, for a 12-year sentence

(720 ILCS 5/12-4.2(a)(1) (West 2008)). He also pleaded guilty to a single, Class 1, count of aggravated discharge of a firearm. *Id.* § 24-1.2(a)(2).

¶ 8     In accepting the plea agreement for the two indictments, the court commented, regarding one indictment, that it "will go along with the plea" in part "[b]ased on defendant's criminal history." Regarding the other, the court stated that "based on the defendant's criminal history," it would sentence him "per your agreement."

¶ 9     The trial court immediately sentenced McCants, who waived a presentence investigation. McCants's 2007 AUUW conviction was the only matter outside of the trial record argued by the State in aggravation and the express basis for the court sentencing him to the terms of the plea.

¶ 10                    *Motion to Withdraw Guilty Plea*

¶ 11     In 2013, McCants moved *pro se* to withdraw his guilty plea and vacate his sentence. The motion alleged (i) McCants entered the plea unknowingly due to his counsel's failure to give McCants a chance to review the State's evidence, and (ii) counsel wrongly advised him that the sentences would run concurrently.

¶ 12     The circuit court denied the motion without appointing counsel. On appeal of the denial, McCants argued that the court failed to comply with Illinois Supreme Court Rule 604(d) (eff. Jan. 1, 2013). We remanded for the appointment of counsel. McCants, through counsel, then filed an amended motion to withdraw his guilty plea, claiming ineffective assistance in each of the two cases. The State moved to strike. The court denied the motion after a hearing at which McCants and trial counsel testified. No transcript was made of the hearing.

¶ 13     Next, McCants filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2016)) for relief from the 2007 judgment for aggravated unlawful use of a weapon. McCants asserted his conviction

was facially unconstitutional under *Aguilar* and, thus, void *ab initio*. *Aguilar*, 2013 IL 112116. (held aggravated unlawful use of weapon statute facially unconstitutional, voiding *ab initio* convictions under statute). The circuit court granted the petition and vacated the 2007 conviction.

¶ 14                                *Postconviction Petition*

¶ 15    McCants filed a *pro se* postconviction petition, asserting his invalid AUUW conviction influenced his 2013 guilty pleas and sentences. McCants argued (i) the trial court erroneously considered his invalid firearms conviction in imposing sentence after his guilty plea and (ii) plea counsel rendered ineffective assistance by "fail[ing] to challenge the State's use of McCants's [AUUW conviction] as being unconstitutional[.]"

¶ 16    McCants attached a docket sheet reflecting the nature of the AUUW charge and that it had been vacated. He explained that he could not have raised his claims earlier as the conviction was vacated in December 2016. McCants also attached a transcript of the plea proceedings, arguing that it showed the court considered—or at least "it is impossible to determine" the weight the court placed on—the AUUW conviction, violating his due process rights.

¶ 17    The petition was erroneously entered on the docket of two different judges. Both judges summarily dismissed the petition, triggering two appeals, which this Court consolidated.

¶ 18            Appeal of Summary Dismissal of *Pro Se* Postconviction Petition

¶ 19    Appellate counsel's opening brief contended (i) McCants's *pro se* petition raised an arguable claim that the trial court erroneously considered a constitutionally invalid prior conviction in accepting his guilty plea and imposing sentence and (ii) McCants's *pro se* postconviction petition raised an arguable claim that his plea counsel was ineffective for failing to challenge the use of his prior invalid conviction during plea proceedings. The State agreed to a summary dismissal for second-stage proceedings, which we allowed. Our order stated McCants had "raised

constitutional claims of arguable merit in his postconviction petition related to his void prior[ ] conviction for aggravated unlawful use of a weapon."

¶ 20                    *Second-Stage Proceedings After Remand*

¶ 21    On remand, McCants's postconviction counsel filed a supplemental petition arguing that the State improperly used McCants's 2007 AUUW conviction and the court improperly considered it in sentencing. The petition further alleged McCants's decision to plead guilty rather than go to trial stemmed from the court allowing the State to use the unconstitutional conviction as impeachment evidence should McCants testify. In addition, the supplemental petition alleged that trial counsel was ineffective for failing to object to the AUUW conviction during the *Montgomery* motion proceedings. McCants requested a new sentencing hearing.

¶ 22    The State moved to dismiss, asserting (i) the claims were meritless, (ii) the errors were "waived" not having been raised on direct appeal, and (iii) by taking the plea, McCants forfeited the issue. The State argued that McCants pleaded guilty in 2013 while his AUUW conviction was valid, and "there's no case law that can be presented that says the trial counsel is clairvoyant that [*Aguilar*, 2013 IL 112116,] would come down and ultimately rule that a Class 4 possession is unconstitutional." Further, as a voluntary and intelligent guilty plea, the State contended McCants could not demonstrate prejudice.

¶ 23    In response, McCants pointed out that only after the trial court ruled on the *Montgomery* motion did McCants decide to forgo a jury trial and plead guilty, "the defense fought to keep the conviction out fully aware of the prejudicial nature of a firearms conviction in a case where the defendant is alleged to have shot the victim." Counsel requested a new sentencing hearing without consideration of the void and vacated AUUW conviction.

¶ 24    In ruling, the court said it "clearly recall[ed] this matter because the defendant indicated when we had the jury in the hallway that he wanted to accept the [S]tate's offer." The court found that McCants had been properly admonished, and his plea was voluntary, knowing, and intelligently made. It commented that McCants was willing to take the State's offer, "once he saw the case was no longer going to be continued and it was going to proceed to trial." The court granted the State's motion to dismiss, distinguishing McCants's guilty plea as fundamentally unlike the cases he cited, which involved improper impeachment.

¶ 25    The court denied a new trial or new sentencing "based on the conviction being vacated several years later and the defendant knowingly and voluntarily accepted the [S]tate's offer and this was certainly a negotiated plea between his attorney and the assistant state's attorney down to the wire where we were ready to select the jury." The court acknowledged that it had "made the ruling [th]at the 2007 conviction was to be used for impeachment" and had considered "the defendant's criminal history and, yes, that conviction was a part of that, however, this again was what the defendant agreed to knowing that he had this conviction."

¶ 26    The court found no ineffective assistance of plea counsel because "[t]here is nothing indicating to me that the [S]tate would have offered the defendant a different plea agreement."

¶ 27                                    Analysis

¶ 28    At the second stage, the court dismisses the petition if a substantial showing of a constitutional violation has not been made. *People v. Johnson*, 2018 IL 122227, ¶¶ 14-15. Otherwise, the petition advances to an evidentiary hearing. *Id.* ¶ 15. When the State seeks to dismiss a postconviction petition, the court rules on the sufficiency of the allegations without engaging in fact-finding and takes all well-pleaded facts as true. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006) (take as true well-pleaded facts not positively rebutted by trial record). We review

dismissal of a postconviction petition at the second stage *de novo. Id.*; *People v. Childress*, 191 Ill. 2d 168, 174 (2000).

¶ 29                                                    *Void Conviction*

¶ 30     "The voidness of a conviction and sentence based on a facially unconstitutional statute may be addressed either on direct review of the conviction and sentence or in a collateral proceeding." *N.G.*, 2018 IL 121939, ¶ 52. Challenges to void convictions are not subject to forfeiture or other procedural restraints; courts must "correct the wrongs wrought through [a legislative] act." (Internal quotation marks omitted.) *Id.* ¶¶ 43, ¶ 51. Indeed, forfeiture would be "tantamount to forcing the defendant to suffer anew the deprivation of his constitutional rights." *Id.* ¶ 38.

¶ 31     Nevertheless, the State contends "[e]ven if the court substantially relied on petitioner's background in approving the 12-year sentence to which petitioner and the People had agreed, the prior conviction was not deemed unconstitutional at the time of the plea." This argument is misguided. *N.G.* established that a conviction under the unconstitutional aggravated unlawful use of a weapon statute is a nullity and cannot be used at any point in any proceeding. See *id.* ¶ 73 (void convictions "can give rise to no criminal status nor create any legal impediment, for the state had no authority, and the courts never acquired jurisdiction, to impose punishment under such laws to begin with"); see also *Montgomery v. Louisiana*, 577 U.S. 190, 203 (2016) (no grandfather clause permits States to enforce punishments forbidden under Constitution).

¶ 32     Contrary to the State's assertions, *People v. Jones*, 2021 IL 126432, is not dispositive. Nor does it establish waiver to every claim of error whenever a defendant pleads guilty. See *id.* ¶ 21 (guilty pleas are contracts, and principles of waiver apply to certain rights). As *N.G.* explains, the portion of the AUUW statute at issue was "fatally infirm from the moment of its enactment," "the

conduct it sanctioned was never a crime at all," and the statute "must be treated as if [it] never existed." (Emphasis omitted.) *N.G.*, 2018 IL 121939, ¶¶ 39, 74.

¶ 33 This court in *People v. Ellis*, 2020 IL App (1st) 190774, ¶ 20 (citing *N.G.*, 2018 IL 121939, ¶ 42), discussed how *N.G.* established an affirmative duty to invalidate unconstitutional conviction. We unequivocally stated that a void *ab initio* conviction " 'cannot be used for *any* purpose under *any* circumstances.' " (Emphases added.) *Id.* (quoting *N.G.*, 2018 IL 121939, ¶ 36).

¶ 34 The State further argues, "Petitioner did not show that 'but for' the proffering of his 2007 gun conviction the court would have not accepted the plea, let alone did he make a substantial showing of a constitutional violation." The State urges us to focus on defense counsel's performance throughout its brief. Their argument comes to naught. Defense counsel's performance has no bearing—McCants never committed a crime because, effectively, the statute never existed. *Id.* The State's facile argument that defense counsel cannot be "clairvoyant" is a red herring.

¶ 35 The State overlooks the corroborating facts that McCants was fully prepared to go to trial with a jury congregating until the trial court ruled that the 2007 conviction could be used to impeach him if he testified. A guilty plea does not lessen the potential prejudice of the 2007 conviction; if anything, the decision to plead guilty rather than continue with a jury trial strengthens the impact of the court's decision.

¶ 36 Moreover, the only conviction offered in aggravation was McCants's 2007 conviction. In accepting the plea agreement for each indictment, the trial court commented, on one, that it "will go along with the plea" in part "[b]ased on defendant's criminal history." Regarding the other, it stated that "based on the defendant's criminal history," it would sentence him "per your agreement."

¶ 37    At the hearing on the postconviction petition, defense counsel submitted caselaw on the use of prior convictions in improper impeachment. See *People v. Woollums*, 143 Ill. App. 3d 814 (1986) (postconviction relief granted; remanded for resentencing where sentencing court considered in aggravation prior conviction later reversed on double jeopardy grounds); *People v. Martin-Trigona*, 111 Ill. 2d 295, 303-04 (1986) (affirming grant of postconviction relief where defendant was impeached with later-invalidated prior conviction). The State argued, and the trial court agreed, that McCants cited cases in which a trial occurred and McCants pleaded guilty and was never impeached. This superficial treatment of McCants's argument ignores his claim of an error of a "constitutional magnitude." This interpretation ignores the constitutional ramifications of reliance on a void *ab initio* conviction for either impeachment or sentencing.

¶ 38    Further, the Post-Conviction Hearing Act (725 ILCS 5/art. 122 (West 2012)) provides the remedy where the sentencing court considered an invalid prior conviction in aggravation. *People v. Fischer*, 100 Ill. App. 3d 195, 200 (1981) (abused discretion in considering prior cannabis conviction under unconstitutional statute). More recently, after *Aguilar*, our court has applied the rule where the record raises the possibility that the trial court relied on the facially invalid statute. See *People v. Billups*, 2016 IL App (1st) 134006, ¶ 12 (finding error where court considered prior void conviction under *Aguilar* in imposing sentence); *People v. Smith*, 2016 IL App (2d) 130997, ¶ 26 (remanded for resentencing where court commented generally on convictions, especially invalid AUUW conviction). As McCants argued, where the record is uncertain on whether the trial court considered an unlawful prior conviction, the sentence cannot constitutionally stand. *Smith*, 2016 IL App (2d) 130997, ¶¶ 17-18 ("Having only two felony weapons convictions to consider, instead of three, might well have lessened the sentence."); *People v. Hearring*, 2022 IL App (1st)

192064, ¶ 29 (remand for resentencing because record fails to indicate extent trial court considered void conviction).

¶ 39    At sentencing, the trial court specifically noted the 2007 conviction and imposed sentence "based on the defendant's criminal history." In *N.G.*, the State sought to establish parental unfitness under the statute, creating a rebuttable presumption that a parent is depraved when criminally convicted of at least three felonies. *N.G.*, 2018 IL 121939, ¶ 30 (citing 750 ILCS 50/1(D)(i) (West 2010)). The question was whether the trial court could "rely on such a constitutionally invalid conviction in determining whether DCFS had met its burden of establishing" unfitness within the statute's meaning. *Id.* ¶ 31. The supreme court held that an offense created by an unconstitutional law is not a crime, and a conviction under an unconstitutional law "is not merely erroneous, but is illegal and void." (Internal quotation marks omitted.) *Id.* ¶ 37. The circumstances are different (unfitness proceedings are noncriminal), but the principle is the same.

¶ 40    In determining whether a reversible error occurred, "the reviewing court should not focus on a few words or statements of the trial court" but rather decide "by considering the entire record as a whole." *People v. Ward*, 113 Ill. 2d 516, 526-27 (1986). Here, the constitutional underpinnings of due process require a closer look.

¶ 41    In light of our holding, we need not address McCants's second argument regarding ineffective assistance of counsel.

¶ 42    We reverse the second-stage dismissal of McCants's postconviction petition and remand for an evidentiary hearing.

¶ 43    Reversed and remanded.

---

*People v. McCants*, **2024 IL App (1st) 220837**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 09-CR-22166, 09-CR-22172; the Hon. Michele McDowell Pitman, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Pamela Rubeo, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, John E. Nowak, and Andrea V. Salone, Assistant State's Attorneys, of counsel), for the People. |