2020 IL App (1st) 170738-U

FIFTH DIVISION
Order filed: June 19, 2020

No. 1-17-0738

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 11 CR 7010 |
| | ) | |
| DEVIN SEATS, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's first-stage summary dismissal of the defendant's *pro se* postconviction petition is affirmed. We vacate the defendant's conviction for armed habitual criminal where it was predicated on a void conviction.

¶ 2    The defendant, Devin Seats, appeals from the first-stage summary dismissal of his *pro se* postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 122-1 *et seq.* (West 2010)). On appeal, the defendant contends that the trial court erred in dismissing his petition because his claim had an arguable basis in law and fact. Specifically, the defendant maintains that during his sentencing hearing, the trial court considered two aggravated unlawful

use of a weapon convictions that were void *ab initio*, and, therefore, he is entitled to a new sentencing hearing. For the reasons that follow, we affirm.

¶ 3 The defendant was charged by indictment with multiple counts of attempted first degree murder, one count of aggravated battery with a firearm, one count of armed habitual criminal, multiple counts of aggravated discharge of a firearm, two counts of unlawful use or possession of a weapon by a felon, and multiple counts of aggravated battery. These charges arose from an event that occurred on April 11, 2011, in which the victim, Christopher Easter, was shot in the face by the defendant while inside a Cricket Wireless store on 51st Street and Cottage Grove in Chicago, Illinois. The defendant waived his right to a jury trial and the matter proceeded to a bench trial.

¶ 4 A full recitation of the facts can be found in this court's order on the defendant's direct appeal. *People v. Seats*, 2015 IL App (1st) 130199-U. However, for the resolution of this appeal, we will present only the facts that are necessary.

¶ 5 At the conclusion of the defendant's bench trial, the trial court found him guilty of aggravated battery with a firearm, armed habitual criminal, and aggravated discharge of a firearm.

¶ 6 During the sentencing hearing, the State argued in aggravation that the defendant is a gang member, has a history of gang activity, committed a serious offense, is a danger to society, and has a criminal background reflected in the pre-sentence investigation report (PSI), which includes multiple prior felony convictions. These convictions include: a 2005 conviction for aggravated unlawful use of a weapon (AUUW)); two 2007 convictions for AUUW (both of which were subsequently vacated by the trial court on November 1, 2019, pursuant to *People v. Aguilar*, 2013 IL 112116); a 2005 conviction for manufacture/delivery of heroin; a 2005

conviction for possession of a controlled substance; and a 2009 conviction for felony escape.

¶ 7     In announcing its sentencing decision, the trial court reasoned, in relevant part: "[The defendant]'s got a considerable criminal background. He's been through the system before. Fortunately[,] [the victim] was not hurt worse than he was although he was hospitalized for quite some time. He did receive serious injuries. He was shot in the face." The court also noted that the conviction for aggravated battery with a firearm requires that 85% of the sentence be served. The defendant was sentenced to 20 years' imprisonment for the aggravated battery with a firearm conviction, 12 years for the armed habitual criminal conviction, and 10 years for the aggravated discharge of a firearm conviction—the sentences to run concurrently. After sentencing, the trial court denied the defendant's motion to reconsider the sentence.

¶ 8     On direct appeal, the defendant maintained that his trial attorney was ineffective. We rejected the defendant's claims of error and affirmed his convictions. *Seats*, 2015 IL App (1st) 130199-U.

¶ 9     On December 22, 2016, the defendant filed a *pro se* postconviction petition, in which he maintained that during his sentencing hearing the trial court improperly considered a prior AUUW conviction that was void *ab initio* under *Aguilar*, 2013 IL 112116, and he is, therefore, entitled to a new sentencing hearing.

¶ 10    The trial court summarily dismissed the defendant's postconviction petition as "patently without merit." This appeal followed.

¶ 11    On appeal, the defendant argues that his petition raised an arguable claim of a constitutional violation. Specifically, he maintains that this court should reverse the summary dismissal of his petition and remand for a new sentencing hearing because the trial court considered two AUUW convictions that were void *ab initio* and have since been vacated by the

trial court. He also argues, for the first time on appeal, that this court should reverse his armed habitual criminal conviction because it was predicated on a void AUUW conviction. The State concedes that the defendant's two 2007 AUUW convictions are void, but argues that the trial court did not place "any undue reliance" on them in sentencing. The State also concedes that the defendant's conviction and sentence for armed habitual criminal should be vacated.

¶ 12    Pursuant to the Act, a postconviction proceeding that does not involve the death penalty has three distinct stages. 725 ILCS 5/122-1 *et seq.* (West 2010); *People v. English*, 2013 IL 112890, ¶¶ 22-23. In the first stage, the defendant files a petition and the trial court determines whether it is frivolous or patently without merit. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). In order to survive dismissal at this stage, a petition must present only the "gist" of a constitutional claim. *Id.* (citing *People v. Porter*, 122 Ill. 2d 64, 74 (1988)). The term "gist" describes what the petitioner must allege at the first stage; it is not the legal standard used by the court to evaluate the petition. *People v. Hodges*, 234 Ill. 2d 1, 11 (2009). The legal standard is whether the petition is frivolous or patently without merit, meaning it has no arguable basis in law or fact. *Id.* at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* We review the summary dismissal of a postconviction petition *de novo*. *Id.* at 9.

¶ 13    The question raised on appeal from a dismissal of a postconviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the Act. *People v. Jones*, 213 Ill. 2d 498, 505 (2004) (citing *People v. Coleman*, 183 Ill. 2d 366, 388 (1998)). Generally, a claim not raised in a postconviction petition cannot be argued for the first time on appeal. *Jones*, 213 Ill. 2d at 505. While our supreme court may relax the forfeiture rule by invoking its supervisory power, this court "is not free, *** to excuse, in the

context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition." *Id*. at 508. However, a challenge to a judgment based on a facially unconstitutional statute that is void *ab initio* is exempt from forfeiture. *People v. Thompson*, 2015 IL 118151, ¶ 32.

¶ 14 At the outset, we note that the defendant's argument that his armed habitual criminal conviction should be vacated was raised for the first time on appeal. However, because it is a challenge based on a facially unconstitutional statute that is void *ab initio*, it is exempt from forfeiture. *Thompson*, 2015 IL 118151, ¶ 32. We find that the defendant's void AUUW conviction may not serve as a predicate felony conviction for armed habitual criminal. See *In re N.G.*, 2018 IL 121939 ¶ 73 (holding that void convictions "can give rise to no criminal status nor create any legal impediment, for the state had no authority, and the courts never acquired jurisdiction, to impose punishment under such laws to begin with"). We, therefore, vacate the defendant's conviction for armed habitual criminal.

¶ 15 We next address the defendant's argument that this court should reverse the trial court's summary dismissal of his postconviction petition and remand the cause for a new sentencing hearing because the trial court improperly relied on two void AUUW convictions in sentencing.

¶ 16 We afford great deference to the trial court's judgment on matters of sentencing (*People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010)), but a matter may be remanded for resentencing where a trial court relies upon improper sentencing factors. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18. However, not every sentencing error mandates a new sentencing hearing and we will affirm the trial court's sentence if the record reflects that the weight placed on the improperly considered aggravating factor was so insignificant that it did not result in a greater sentence. *People v. Bourke*, 96 Ill. 2d 327, 332 (1983). Where, despite the sentencing error, a

defendant "would have received the same sentence," remandment is not required. *People v. Chromik*, 408 Ill. App. 3d 1028, 1050 (2011). We may determine whether the trial court improperly considered a conviction based on an unconstitutional statute, even if we may not vacate that conviction itself. *People v. Billups*, 2016 IL App (1st) 134006, ¶ 12.

¶ 17    With respect to the defendant's contention that the trial court erred in considering his prior convictions for AUUW during sentencing, we conclude that any consideration of the convictions by the trial court did not result in a greater sentence. The defendant's two 2007 AUUW convictions were only two of his six prior convictions highlighted by the State and enumerated in the PSI. Moreover, in announcing its sentence, the trial court never specifically mentioned either of the defendant's previous convictions for AUUW. While the trial court made a passing reference to the defendant's "considerable criminal background," which included four other convictions aside from the two void AUUW convictions, the factors expressly discussed and emphasized by the trial court during sentencing were the amount of evidence against the defendant and the serious nature of his crime—shooting the victim in the face. The seriousness of the crime was the most important sentencing factor, which alone could support a maximum sentence regardless of other factors. See *Jones*, 2014 IL App (1st) 120927, ¶ 55.

¶ 18    In determining whether reversible error occurred at sentencing, a reviewing court should consider the record as a whole. *People v. Miller*, 2014 IL App (2d) 120873, ¶ 37. Based on our review of the entire sentencing proceedings, we conclude that any weight afforded the defendant's previous convictions for AUUW was so insignificant that it did not lead to a greater sentence. *Bourke*, 96 Ill. 2d at 332. Because we find that the weight afforded the previous convictions, if any, was insignificant, we find that the defendant's pleading did not and could not state an arguable claim of a constitutional violation.

¶ 19    Accordingly, we affirm the trial court's first-stage summary dismissal of the defendant's

*pro se* postconviction petition.

¶ 20    Affirmed in part and vacated in part.