In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-1279

DEVIN SEATS,

*Petitioner-Appellant*,

*v.*

MINDI NURSE, Warden,

*Respondent-Appellee.*[1]

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:21-cv-01221 — **Staci M. Yandle**, *Judge*.

ARGUED NOVEMBER 13, 2024 — DECIDED SEPTEMBER 24, 2025

Before EASTERBROOK, PRYOR, and KOLAR, *Circuit Judges*.

KOLAR, *Circuit Judge*. Devin Seats shot a gun into a store
window, hitting a customer in the face and causing severe in-
jury. In 2012, Seats was tried in Illinois court, found guilty of

---

[1] While this appeal was pending, Seats was transferred from the cus-
tody of Anthony Wills at Shawnee Correctional Center to the custody of
Mindi Nurse at Pontiac Correctional Center, who is substituted as the Ap-
pellee pursuant to Federal Rule of Appellate Procedure 43(c).

three felonies, and sentenced to 20 years in prison. His pre-sentence investigation report listed three prior felonies under Illinois's aggravated unlawful use of a weapon statute. After the Illinois Supreme Court held the aggravated unlawful use of a weapon statute unconstitutional, Seats sought to be re-sentenced on the basis that his criminal history was inaccurate in the 2012 sentencing because it included felonies under that statute. Seats was unsuccessful in state court and he filed a petition for habeas relief in federal court.

The district court dismissed Seats's petition because he filed it outside the statute of limitations. Seats relies on *Johnson v. United States*, 544 U.S. 295 (2005), to argue that the limitations period should start from the date two of his unlawful use of a weapon felonies were vacated, which would render his claim timely. Because Seats forfeited that argument by not making it in the district court and presents no argument that requires us to reverse on plain error, we affirm the district court's dismissal of his petition.

## I. Background

### A.  Seats's Underlying Criminal Case

In late 2012, after a bench trial in Cook County Circuit Court, Seats was convicted of three felonies—aggravated battery with a firearm, armed habitual criminal, and aggravated discharge of a firearm. The pre-sentence investigation report listed six prior felonies, including three convictions for aggravated unlawful use of a weapon. During the sentencing hearing, the judge referenced Seats's "considerable criminal background" and noted that "[h]e's been through the system before." Seats was sentenced to 20 years, 12 years, and 10 years in prison for the three respective felonies, with the sentences

running concurrently. Seats was not sentenced pursuant to a recidivism regime, i.e., there was no statutory requirement that forced the sentencing judge to assign a particular range of years because of a prior conviction.

Seats appealed his conviction, and the Illinois Appellate Court affirmed in July 2015. Seats filed a petition for leave to appeal, but the Illinois Supreme Court denied it in November 2015 and Seats's conviction became final on February 24, 2016.

### B. Changes in Illinois Law

Seats's criminal appeal (and later post-conviction proceedings) took place in the context of changes to Illinois's aggravated unlawful use of a weapon statute, codified at 720 ILCS 5/24-1.6(a)–(e). In 2013, the Illinois Supreme Court held that the Class 4 felony in the aggravated unlawful use of a weapon statute's subsections (a)(1) and (a)(3)(A) constituted a "comprehensive ban" on possession and use of an operable firearm outside of the home and therefore violated the Second Amendment. *People v. Aguilar*, 2013 IL 112116, ¶¶ 21–22. Two years later, in *People v. Burns*, the Illinois Supreme Court held that subsections (a)(1) and (a)(3)(A) of the aggravated unlawful use of a weapon statute were facially unconstitutional, no matter the "form" of the felony. 2015 IL 117387, ¶¶ 20, 32. This holding applied to two of the aggravated unlawful use of a weapon convictions that were included in Seats's pre-sentence investigation report.[2]

---

[2] Seats's pre-sentence investigation report listed three aggravated unlawful use of a weapon felonies—two from 2007 and one from 2005. The 2005 conviction was under a subsection of the statue that was not ruled unconstitutional. At issue in this appeal are the two aggravated unlawful use of a weapon convictions from 2007.

In early 2016, the Illinois Appellate Court vacated a sentence that was enhanced due to a defendant's prior conviction for aggravated unlawful use of a weapon and remanded the case for resentencing. *People v. Smith*, 2016 IL App (2d) 130997, ¶¶ 18, 26. Four months later, the Illinois Supreme Court reinstated a defendant's conviction for unlawful use of a weapon by a felon even though the predicate felony was an aggravated unlawful use of a weapon conviction. *People v. McFadden*, 2016 IL 117424, ¶¶ 15, 29–32, 37. The court held that if an aggravated unlawful use of a weapon conviction had not been previously vacated, it could serve as a predicate felony conviction for a status crime such as felon in possession. *Id.* ¶ 37.

Then, in 2018, the Illinois Supreme Court considered whether a felony conviction for aggravated unlawful use of a weapon, under a portion of the statute deemed unconstitutional in *Aguilar*, could be used to find a father unfit. *In re N.G.*, 2018 IL 121939, ¶¶ 31–32. The Illinois Supreme Court held that when a criminal statute is facially unconstitutional a conviction under that statute is void—the formerly prohibited conduct was "constitutionally immune from punishment"—and cannot be used as a predicate felony for any purpose. *Id.* ¶¶ 36–39.

### C. Post-conviction Relief

Seats sought post-conviction relief in Illinois state court. He filed a pro se petition on December 22, 2016, arguing he was entitled to a resentencing because the sentencing court improperly considered his prior aggravated unlawful use of a weapon felonies and that statute had been found unconstitutional in *People v. Aguilar*, 2013 IL 112116. The trial court denied his petition and Seats timely appealed. While the appeal of his petition was pending, Seats moved to vacate the two

2007 aggravated unlawful use of a weapon convictions and they were vacated on November 1, 2019.

In the appeal of Seats's petition for post-conviction relief, the Illinois Appellate Court vacated Seats's conviction for armed habitual criminal because it relied on the vacated aggravated unlawful use of a weapon convictions. *People v. Seats*, 2020 IL App (1st) 170738-U, ¶ 14. But the court declined to order a resentencing because it found that "any consideration of the [vacated] convictions by the trial court did not result in a greater sentence." *Id.* ¶ 17. The 2007 aggravated unlawful use of a weapon convictions were only two of Seats's six prior felonies and the sentencing judge did not specifically refer to those convictions, instead mentioning generally Seats's "considerable criminal background." *Id.* In reviewing the sentencing transcript, the Illinois Appellate Court determined that the most important factors for the trial court in fashioning Seats's sentence were the amount of evidence against him and the seriousness of his crime, not his criminal history. *Id.* The court concluded that "the weight afforded the previous convictions, *if any*, was insignificant," so Seats's petition was properly dismissed. *Id.* ¶ 18 (emphasis added). The Illinois Supreme Court denied Seats's petition for leave to appeal on November 18, 2020, and Seats did not file a petition for certiorari to the United States Supreme Court.

This all brings us to the instant case, where, through counsel, Seats filed a §2254 petition arguing that the Illinois Appellate Court's decision not to remand his case for resentencing was contrary to clearly established federal law, which required sentencing him based on accurate information. The petition fronted the issue of timeliness, asserting that the one-year statute of limitations for Seats's petition was triggered by

the Illinois Appellate Court's refusal to order a new sentencing hearing, because only after that decision was Seats's sentence truly final. Seats never relied on or even brought to the district court's attention, *Johnson v. United States*, a 2005 Supreme Court decision holding that a state court's order vacating a conviction used to enhance a federal sentence is a "new fact" that restarts the one-year limitations period in §2255.[3]

The state moved to dismiss based on timeliness, and the district court granted the motion.[4] The district court found that Seats's petition was untimely because, even accounting for the tolled time when Seats's petition for post-conviction relief was pending in Illinois court, it was filed more than one year after the underlying criminal judgment became final. As we discuss in detail below, §2244(d)(1) sets a one-year limitations period for state prisoners' habeas petitions; that one year is calculated from the latest of four possible triggering events, as defined in subsections (d)(1)(A) through (d)(1)(D). *See Walker v. Cromwell*, 140 F.4th 878, 884 (7th Cir. 2025). The district court calculated the statute of limitations under §2244(d)(1)(A), which sets the trigger date as the final judgment in the criminal case. Section 2244(d)(1)(D), in contrast, starts the clock for the one-year statute of limitations on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

---

[3] Johnson's petition was filed under §2255 and Seats's was filed under §2254, but the statute of limitations provisions applicable to the two sections are nearly identical and have been interpreted similarly by our court and the Supreme Court. *See Lo v. Endicott*, 506 F.3d 572, 575 n.2 (7th Cir. 2007).

[4] Seats did not file a response to the motion to dismiss and the record does not reflect a reason for that omission.

due diligence." Perhaps due to Seats's failure to raise the argument, the district court did not address whether *Johnson*'s logic required the limitations period to be calculated under §2244(d)(1)(D). Seats appealed, which we construed as a request for a certificate of appealability and granted.

## II. Discussion

With that background, Seats's argument before us distills to asking that we apply *Johnson* to re-calculate the statute of limitations period even though he never brought the case or theory to the district court's attention. Then, Seats argues, we should order a new sentencing because the Illinois Appellate Court unreasonably concluded that his two vacated convictions did not increase his sentence in the underlying criminal case. That is a steep hill for Seats to climb. Appointed counsel ably brought forward what they could but Seats's arguments for reversal do not prevail.

We review *de novo* the district court's denial of a habeas petition on statute of limitations grounds. *Patterson v. Adkins*, 124 F.4th 1035, 1045 (7th Cir. 2025). First, we review the statutory limitations period for a §2254 petition and how *Johnson v. United States* instructs us to calculate timeliness when a habeas petition is based upon vacatur of a predicate conviction. Second, we look to Seats's filing in district court to determine whether he forfeited his argument that *Johnson* applies and timeliness should be calculated under §2244(d)(1)(D). We find that Seats forfeited this argument and that the circumstances do not meet the high bar to apply plain error review in a civil case. Finally, even if we were to find Seats's petition timely, he cannot overcome the presumption of correctness we give to the Illinois Appellate Court's finding that the sentencing

court did not rely upon the vacated convictions in determining its sentence. For those reasons, we affirm the district court.

## A. Statute of Limitations for Habeas

With Seats's argument in mind, we turn to a more detailed review of the limitations period he faced. Under section 2244 a state court prisoner is given one year to file a petition for a writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1). As relevant here, the year starts from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>       … or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). The limitation period is tolled for the pendency of a "properly filed application for State post-conviction or collateral review." 28 U.S.C. §2244(d)(2).

On appeal, Seats does not challenge the district court's calculation of the statute of limitations pursuant to §2244(d)(1)(A). And for good reason—the district court correctly concluded that Seats's petition is too late if we calculate the limitation period as beginning from the date of final judgment.

Instead, Seats argues that we should apply §2244(d)(1)(D) and find his petition timely because he filed within one year of his aggravated unlawful use of a weapon convictions being vacated. Under *Johnson v. United States*, the vacatur of a predicate felony can be a new "fact" that triggers the one-year limitation period for the purposes of federal habeas relief. *See* 544

U.S. at 308. We calculate the limitation period from "the latest" of all triggering dates. 28 U.S.C. §2244(d)(1). Because the date of vacatur of Seats's aggravated unlawful use of a weapon convictions is later than the date his criminal judgment became final, he urges us to look to §2244(d)(1)(D) to calculate his limitations period.

In *Johnson*, the Supreme Court held that the state-court vacatur of a predicate felony is "a matter of fact" that can trigger the one-year period of limitation under §2255(f)(4), but that a petitioner must show that he acted with due diligence to seek the vacatur. *Johnson*, 544 U.S. at 302. Johnson knew at the time his federal criminal judgment was entered that the state felony convictions enhanced his sentence and yet he did not act to vacate those convictions until 21 months after the judgment became final. *Id.* at 311. Because Johnson was not diligent in seeking the vacatur, the Court held that §2255(f)(4) did not apply. *Id.*

Seats urges us to apply *Johnson* to find his petition timely because he filed it less than one year after the two aggravated unlawful use of a weapon convictions were vacated, accounting for the tolling effect of his post-conviction petition in state court. The State contends that Seats waived—although it must mean forfeited—this argument because he did not raise it in district court.

### B. Forfeiture

An argument not raised in the habeas petition or briefing in district court is waived or forfeited on appeal. *Santiago v. Streeval*, 36 F.4th 700, 710 (7th Cir. 2022) (waived); *Pole v.*

*Randolph*, 570 F.3d 922, 937 (7th Cir. 2009) (forfeited).[5] In his petition for a writ of habeas corpus, Seats argued he was within the statute of limitations because he had filed within one year of the Illinois Appellate Court refusing to remand his case for resentencing, which he contended was when his sentence became "final." That argument was not only likely incorrect as a matter of law (because the Illinois Appellate Court's judgment was not on direct review of his sentence), but its sole focus is the final judgment as the triggering event and therefore relies only upon §2244(d)(1)(A). The State raised §2244(d)(1)(D) in its motion to dismiss the petition, but Seats did not respond to the motion. Therefore, in the district court Seats did not make any argument that §2244(d)(1)(D) should be applied to his petition or that the triggering event for the period of limitations was anything other than the final judgment date in his underlying criminal case.

Seats argues that he preserved his §2244(d)(1)(D) argument because the issue of timeliness generally was in front of the district court, so we should apply the proper rule to the issue. A reviewing court retains the right to choose the correct rule to resolve a dispute, *see Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 99–100 (1991), but a litigant must be the one to argue why he should prevail. Here Seats's argument in the district court was that his petition was timely based on §2244(d)(1)(A), and that does not preserve any argument about the applicability of §2244(d)(1)(D). *See Pole*, 570 F.3d at 937 (collecting cases stating that a party waives a specific argument made for the first time on appeal even if the general

---

[5] Waiver is the knowing relinquishment of a right while forfeiture is the unintentional or inadvertent failure to raise an argument. *Bourgeois v. Watson*, 977 F.3d 620, 629 (7th Cir. 2020).

issue is before the trial court). Recall subsection (d)(1)(A) requires us to look to the date a judgment became final. That is a far different analysis than subsection (d)(1)(D), which turns on when the factual predicate for the habeas claim could have been discovered with due diligence.

Seats's reliance on *United States v. Roque-Espinoza*, 338 F.3d 724 (7th Cir. 2003), is likewise misplaced. There, although the defendant's arguments were "underdeveloped," he cited the cases on which his legal argument was based. *Id.* at 727. Here, Seats's only briefing in the district court, his petition, does not invoke §2244(d)(1)(D) nor does it reference *Johnson* or otherwise indicate that the proper trigger for the limitation period was the vacatur of his predicate convictions.[6]

Seats has forfeited the argument that the statute of limitations should be calculated under §2244(d)(1)(D), but we could still consider that argument on plain error review. In a civil case, plain error review is only available if "(1) exceptional circumstances exist; (2) substantial rights are affected; and (3) a miscarriage of justice will occur if plain error review is not applied." *Bourgeois*, 977 F.3d at 629 (citing *Henry v. Hulett*, 969 F.3d 769, 786 (7th Cir. 2020)) (considering civil plain error review in a habeas case). This is a high bar. "[O]ur ability to review for plain error in civil cases is severely constricted...." *Bourgeois*, 977 F.3d at 629 (internal quotation omitted). Seats

---

[6] Seats mentions in his §2254 petition that his convictions were vacated or deemed void, but he always does so in terms of the merits of his claim for relief, not in relation to how to calculate the timeliness of his petition. While we recognize that the two lines of analysis are related, there is simply nothing in the petition to indicate that Seats thought §2244(d)(1)(D) could apply. Without a response to the motion to dismiss there is no other record of argument in the district court.

contends that an error which heightens a prison sentence implicates substantial rights and the failure to correct such an error undermines the "public legitimacy of our justice system." However, we see that analysis focusing more on the merits of Seats's petition rather than the question of what provision of §2244(d) should apply to calculate the timeliness of his petition. The alleged error here was that the district court did not calculate the limitation period under §2244(d)(1)(D). These circumstances are not so exceptional that we should deviate from our prudential rule limiting review to the issues presented to the district court.

Because Seats has forfeited the argument that *Johnson* applies to the limitation period for his §2254 petition and falls short of the high bar for plain error review in a civil matter, we affirm the district court's finding that Seats's petition was untimely.

## C. Review of Illinois Appellate Court's Opinion

Even if we were to address the merits of Seats's petition, he could not overcome our deferential review of the Illinois Appellate Court's determination of fact.[7]

A federal court may "grant habeas relief only if the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law' or 'was based on an unreasonable determination of the facts.'" *Cal v. Garnett*, 991 F.3d 843, 848 (7th Cir. 2021) (quoting 28 U.S.C.

---

[7] We review the "last reasoned state court decision reached on the merits." *Gonzales v. Eplett*, 77 F.4th 585, 591 (7th Cir. 2023) (quotation omitted). In this case that is the Illinois Appellate Court's June 2020 decision affirming the denial of Seats's petition for post-conviction relief and in doing so, declining to remand his case for a new sentencing hearing.

§2254(d)(1)–(2)). A state court's "decision is not unreasonable if 'fairminded jurists could disagree' on [its] correctness...." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation omitted)). Further, any factual findings made by the state court are "presumed correct" and the petition has to show "by clear and convincing evidence" that the factual determination was incorrect. *Id.* at 849 (citing 28 U.S.C. §2254(e)(1)).

Because Seats argues that his due process right to be sentenced based on accurate information was violated, he bears the burden of showing "the sentencing court [ ] *relied* on the critical inaccurate information when announcing its sentence." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010). "A sentencing court demonstrates actual reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the misinformation before imposing its sentence." *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003) (alteration in original) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)). The Illinois Appellate Court determined that the sentencing judge gave Seats's aggravated unlawful use of a weapon convictions "insignificant" weight that "did not lead to a greater sentence." *Seats*, 2020 IL App (1st) 170738-U, ¶ 18. The court found that the factors "expressly discussed and emphasized by the trial court during sentencing were the amount of evidence against the defendant and the serious nature of his crime—shooting the victim in the face." *Id.* ¶ 17. Seats's criminal history was mentioned, but only in general terms. And the vacated convictions were but two of his six convictions.

The Illinois Appellate Court's finding is a reasonable determination of the facts. The sentencing judge's explanation of the sentence referred to Seats's "considerable criminal background," but also related the victim's injury and the fact that Seats would be serving most of his sentence. The judge concluded: "Fortunately this man was not hurt worse than he was although he was hospitalized for quite some time. He did receive serious injuries. He was shot in the face. I'm mindful of the fact the sentencing range is at 85 percent." We have reviewed the sentencing court's statements and believe the Illinois Appellate Court's factual finding that the sentencing judge did not rely upon the vacated convictions is reasonable based upon the record.

Seats argues that the transcript of the trial court's ruling on his petition for post-conviction relief shows that the sentencing court *did* take the vacated 2007 felonies into account. The trial judge said during the hearing on Seats's petition for post-conviction relief that he did not consider the 2005 aggravated unlawful use of a weapon felony because he was thinking of "two other cases, felony cases." Seats says that statement is evidence that the judge relied on the two 2007 aggravated unlawful use of a weapon felonies. But the rest of the judge's comments show otherwise. The judge said he did not consider the 2005 aggravated unlawful use of a weapon felony because "he had other, two other cases, felony cases *where he was sentenced at the same time*." That suggests that the trial court was referencing the two other felony convictions that Seats received in 2005, not the vacated 2007 aggravated unlawful use of a weapon convictions. It is certainly not evidence that the Illinois Appellate Court's factual finding is unreasonable. And that factual finding is determinative to Seats's claim—if the sentencing court did not actually rely on

the vacated convictions in fashioning his sentence, then Seats does not have a due process claim.

### III. Conclusion

For the reasons stated above, the district court's decision dismissing Seats's §2254 petition as untimely is AFFIRMED.